PEOPLE v WILLIAMS

Docket No. 106712. Submitted November 10, 1988, at Lansing. Decided January 3, 1989.

Maurice L. Williams was convicted following a jury trial in the Oakland Circuit Court of armed robbery, breaking and entering an occupied dwelling with intent to commit larceny, assault with intent to commit criminal sexual conduct, and possession of a firearm during the commission of a felony. Defendant, who is black, appealed and claimed purposeful discrimination in the selection of an all-white jury. The Court of Appeals affirmed in an unpublished opinion per curiam, decided September 22, 1986 (Docket No. 84817). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Batson v Kentucky,* 476 US 79 (1986). 428 Mich 868 (1987). Following reconsideration, the Court of Appeals remanded the case back to the trial court with instructions that, if the trial court decides that the facts establish prima facie purposeful discrimination as defined in *Batson,* and the prosecutor does not come forward with a neutral explanation for his action, defendant's conviction must be set aside and defendant granted a new trial. If not, defendant's conviction is to be affirmed. Unpublished opinion per curiam, decided May 22, 1987 (Docket No. 98787). The trial court, Robert L. Templin, J., on remand, affirmed. Defendant appealed.

The Court of Appeals *held:*

There was no prima facie purposeful discrimination as defined in *Batson.* There was neither a pattern of strikes against members of the venire who are the same race as the defendant nor questions or statements by the prosecutor during voir dire which support an inference of discrimination. The prosecutor was not required to come forward with a neutral explanation of

REFERENCES

Am Jur 2d, Appeal and Error §§ 628 *et seq.;* Jury §§ 173 *et seq.,* 233 *et seq.*

Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.

his exercise of peremptory challenges. The trial court did not err.

Affirmed.

1. PROSECUTING ATTORNEYS — JURY — PEREMPTORY CHALLENGES — RACIAL DISCRIMINATION.

The mere fact that a prosecutor used one or more peremptory challenges to exclude blacks from the jury venire in a trial of a black defendant is insufficient to make a prima facie showing of discrimination; the mere fact that no member of the defendant's race ended up sitting on the jury is also insufficient to make a prima facie showing of discrimination.

2. APPEAL — PRESERVING QUESTION — JURY — PEREMPTORY CHALLENGES.

A timely objection is necessary to preserve for appellate review the question whether a prosecutor's use of his peremptory challenges constituted purposeful discrimination.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Law Offices of Louis Demas, P.C.* (by *Randy E. Davidson*), for defendant on appeal.

Before: MACKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Following a 1984 jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, assault with intent to commit criminal sexual conduct, MCL 750.87; MSA 28.282, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant, who is black, appealed and claimed purposeful discrimination in the selection

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of an all-white jury. This Court affirmed, unpublished opinion per curiam, decided September 22, 1986 (Docket No. 84817). Our Supreme Court subsequently vacated our judgment and remanded the case to this Court for reconsideration in light of *Batson v Kentucky,* 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986), 428 Mich 868 (1987). We then remanded the case back to the trial court with the following instructions:

> If the trial court decides that the facts establish prima facie purposeful discrimination as defined in *Batson,* and the prosecutor does not come forward with a neutral explanation for his action, defendant's conviction must be set aside and defendant granted a new trial. If not, defendant's conviction is affirmed. Remanded. [Unpublished opinion per curiam, decided May 22, 1987. Docket No. 98787.]

The trial court, on remand, held an evidentiary hearing to determine whether the facts established a prima facie case of purposeful discrimination by the prosecutor. At that hearing, defense counsel established that four blacks were called during jury selection and that, during voir dire, one was excused for cause by the court, two were peremptorily excused by the prosecutor, and one, Mrs. Mabel Davis, was seated and sworn as a juror.

During voir dire, the government could exercise fifteen peremptory challenges, MCL 768.13; MSA 28.1036, but exercised only four, using two to remove black jurors and two to remove non-black jurors. No clear reason for these challenges appears on the trial court record. The prosecutor did not use any of his remaining eleven peremptory challenges to remove Mrs. Davis. Halfway through the trial, Mrs. Davis was excused by the court for cause. Following Mrs. Davis's departure, no blacks remained on the jury.

At the evidentiary hearing, the trial court concluded that the above facts failed to establish a prima facie case of purposeful discrimination by the prosecution, stating, in part:

> Now, there has just been no showing whatsoever of any pattern by the prosecutor, any discrimination, purposeful, or any kind of discrimination to eliminate blacks from the jury.
>
> The prosecutor had fifteen preemptory [sic] challenges, this being a capital offense, he only exercised four of the challenges, and allowed one black to remain on the jury, and this Court finds that the Defendant has not met his burden of showing the discrimination, any pattern by the prosecutor as required by the *Batson* case, so I'm denying the motion.

The parties have cited a number of cases from other jurisdictions dealing specifically with whether the defendant established a prima facie case of discrimination under the *Batson* test. The courts in three of these cases found that the defendant had established a prima facie case of discrimination. In *State v Blackmon,* 744 SW2d 482 (Mo App, 1988), the prosecutor used two peremptory challenges to remove two blacks from the venire, leaving no blacks on the panel. In *State v Walton,* 227 Neb 559; 418 NW2d 589 (1988), the prosecutor exercised a total of six peremptory challenges. Three of the challenges were exercised against blacks, leaving no blacks on the panel. In *State v Tolliver,* 750 SW2d 624 (Mo App, 1988), the prosecutor exercised all six available peremptory challenges to strike four black and two white veniremen, leaving one black juror. Contrary to this Court's remand instructions in the instant case, the *Tolliver* court required the prosecutor's explanation for his peremptory challenges

to be considered *before* making a determination as to whether a prima facie case existed and found those explanations insufficiently neutral.

In the remaining four cases, the courts found that the defendants failed to show a prima facie case of discrimination. In *Allen v State,* 726 SW2d 636 (Tex App, 1987), no blacks were left on the jury when the prosecutor exercised three peremptory challenges to remove three prospective black jurors. Two blacks were left on the jury in *United States v Dennis,* 804 F2d 1208 (CA 11, 1986), cert den — US —; 107 S Ct 1973; 95 L Ed 2d 814 (1987), when the prosecutor used three of the four peremptory challenges he exercised to remove three blacks on the venire. Two blacks were challenged and two remained on the panel in *United States v Montgomery,* 819 F2d 847 (CA 8, 1987), where the prosecutor exercised a total of six challenges. Finally, in *United States v Porter,* 831 F2d 760 (CA 8, 1987), the government challenged one black and left one on the jury.

Numerically, these cases provide very little guidance. The only meaningful observation that can be made is that courts faced with a prosecutor who uses his peremptory challenges to obtain an all-white jury tend to infer discriminatory intent (*Allen, supra,* is the only exception), while those faced with prosecutors who allow some blacks to remain do not. This observation is supported in *Montgomery, supra,* p 851:

> The fact that the government accepted a jury which included two blacks, when it could have used its remaining peremptory challenges to strike these potential jurors, shows that the government did not attempt to exclude all blacks, or as many blacks as it could, from the jury.

See also *Dennis, supra,* p 1211. But see *Tolliver, supra,* p 629.

In the present case, the prosecution exercised peremptory challenges to remove two prospective black jurors, but it allowed one to remain on the panel even though it had eleven challenges to use. That the prosecutor did not try to remove all blacks from the jury is strong evidence against a showing of discrimination. That the only black juror sworn in was removed for cause halfway through the trial through no fault of the prosecutor is irrelevant to the issue whether a prima facie showing of discrimination has been achieved.

Further, under the guidelines set forth in *Batson, supra,* there does not appear to be either a "pattern" of strikes against members of the venire who are of the same race as defendant nor questions or statements by the prosecutor during voir dire which support an inference of discrimination. The mere fact that the prosecutor used one or more peremptory challenges to excuse blacks from the jury venire is insufficient to make a prima facie showing of discrimination. *Porter, supra,* pp 767-768. The mere fact that no member of the defendant's race ended up sitting on the jury is likewise insufficient to make a prima facie showing of discrimination. *State v Robbins,* 319 NC 465, 494-495; 356 SE2d 279 (1987). Since there was no prima facie purposeful discrimination as defined in *Batson,* the prosecutor was not required to come forward with a neutral explanation of his exercise of peremptory challenges. We find no error in the trial court's ruling.

The people argue that because defendant did not make a timely objection to the prosecution's use of its peremptory challenges he has failed to preserve for appellate review the question whether use of those challenges constituted purposeful discrimination. We agree that a timely objection is necessary to preserve a *Batson* question for appellate review.

As stated in *United States v Forbes,* 816 F2d 1006, 1011 (CA 5, 1987):

> Now it is too late for appellants to insist on an explanation they did not request at trial. *Cf. Batson,* 106 S Ct at 1724-25 (referring to defendant's "timely objection" to prosecutor's strike); [*United States v*] *Erwin,* 793 F2d [656, 667 (CA 5, 1986)] ("The Court in *Batson* envisioned that a motion to strike would be made promptly, probably before the venire was dismissed."). The "timely objection" rule is designed to prevent defendants from "sandbagging" the prosecution by waiting until trial has concluded unsatisfactorily before insisting on an explanation for jury strikes that by then the prosecutor may largely have forgotten. Furthermore, prosecutorial misconduct is easily remedied prior to commencement of trial simply by seating the wrongfully struck venireperson. After trial, the only remedy is setting aside the conviction. *Batson,* 106 S Ct at 1725. This is an equally important justification for the "timely objection" rule.

See also *Allen v State, supra,* and *United States v Ratcliff,* 806 F2d 1253 (CA 5, 1986). Nevertheless, we cannot find the lack of a timely objection dispositive here, since the Supreme Court specifically remanded the case for reconsideration in light of *Batson.*

Affirmed.