IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Robert J. McNEIL, Attorney at Law.

Supreme Court

*No. 89-0348-D. Filed July 5, 1989.*

(Also reported in 441 N.W.2d 748.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the report of the referee recommending
that the license of Robert J. McNeil to practice law in
Wisconsin be suspended for one year as discipline for
professional misconduct. We adopt the referee's findings
of fact and conclusions of law concerning Attorney
McNeil's professional misconduct and suspend his
license to practice law for one year, commencing August
7, 1989. The misconduct consisted of neglect of two
divorce matters for which Attorney McNeil had been
retained, his repeated and persistent failure to return

telephone calls from his clients inquiring into the status of their cases, continuing to practice law while prohibited from doing so and his failure to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) into these matters and to produce records of his client trust account upon request.

By his misconduct, Attorney McNeil has violated his duty to clients to pursue their legal matters diligently and to keep them informed of his work on their behalf and he has violated the rules of this court prohibiting an attorney from continuing to practice who has failed to meet the continuing legal education obligation imposed by court rule. Attorney McNeil has also violated his duty under our attorney disciplinary rules to respond promptly and fully to the board charged with enforcement of those rules in the course of its investigation of his alleged misconduct. These violations of his professional duties warrant the suspension of his license to practice law for a period of one year.

Attorney McNeil was admitted to practice law in Wisconsin in 1971 and practices in Waukesha county. He was previously disciplined for misconduct in 1987 when the Board privately reprimanded him.

As Attorney McNeil failed to file an answer to the Board's complaint or otherwise appear, the referee, Attorney Robert P. Harland, conducted this proceeding as a default and made the following findings of fact based on the allegations of the Board's complaint.

In 1985 a woman retained Attorney McNeil to commence a proceeding to increase child support payments she was receiving and she paid him an advance fee of $250. Attorney McNeil filed a motion for an order to show cause why support payments should not be increased and the matter was scheduled for hearing. Thereafter, the client repeatedly attempted to contact

Attorney McNeil by telephone to learn the status of the matter, often leaving messages on his telephone answering machine, but Attorney McNeil failed to return her calls. During its investigation of this client's grievance, the Board learned that Attorney McNeil had not filed all of the proper papers with the court in the matter and failed to file the parties' agreement concerning the retroactivity of any change in child support. It was also learned that the motion for an order to show cause was ultimately dismissed after Attorney McNeil failed to appear for the scheduled hearing.

When the Board wrote to him asking for a response to this client's grievance, Attorney McNeil requested and received an extension of time to respond. However, he failed to respond within the extended period and also failed to furnish the Board a requested itemized statement of his services to the client in the matter.

In another matter, a woman retained Attorney McNeil in 1985 to commence a divorce action, for which she paid him an advance fee of $200, plus costs. Attorney McNeil filed the action but for a number of months thereafter failed to return his client's messages that he advise her of its status. Some 20 months after the action was commenced, the client obtained other counsel to represent her in the matter, but Attorney McNeil failed to respond to that counsel's request that he sign a consent for substitution of attorney and also failed to respond to the court's notice of motion to dismiss the divorce proceeding for lack of prosecution. Here, too, Attorney McNeil failed to reply to Board requests for a response to the client's grievance.

In regard to each of these matters, the referee concluded that Attorney McNeil neglected his clients' legal matters and failed to communicate with them concerning the progress of their matters in response to requests

583

for information, in violation of SCR 20.32(3),[1] and that his failure to respond to Board requests for information violated SCR 22.07(2) and 21.03(4).[2]

In May, 1988, the Board of Attorneys Professional Competence suspended Attorney McNeil from membership in the State Bar, pursuant to SCR 31.10,[3] for his failure to comply with 1987 continuing legal education

---

[1] SCR 20.32(3) provides: "A lawyer may not . . . Neglect a legal matter entrusted to the lawyer." The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2] The rules provide as follows:

SCR 22.07(2): During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

SCR 21.03(4): Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 31.10 provides:

**Noncompliance.** (1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise that a lawyer failing to file evidence of compliance or pay the late fee within 60 days after service of the notice shall be ineligible to practice law in Wisconsin. The board shall certify the names of all lawyers in noncompliance under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while in noncompliance under this rule.

requirements. Pursuant to that rule, Attorney McNeil was prohibited from engaging in the practice of law while in noncompliance with the requirements. Nevertheless, Attorney McNeil continued to engage in settlement negotiations with counsel for an adverse party in civil litigation and continued to serve as attorney for an estate without informing opposing counsel or the court that he was prohibited from engaging in the practice of law. The referee concluded that Attorney McNeil's practice of law contrary to the prohibition of SCR 31.10 constituted a violation of SCR 20:5.5.[4]

Attorney McNeil failed to respond to numerous requests from the Board for information concerning his continuation of the practice of law while prohibited from doing so. Further, he failed to comply with a Board request for information regarding his client trust account and to furnish records pertaining to it. The referee concluded that these failures violated SCR 22.07(2), 21.03(4) and 20:1.15(f).[5]

---

[4]SCR 20:5.5 provides:

**Unauthorized practice of law.**
A lawyer shall not:
(a)  practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
(b)  assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

[5]SCR 20:1.15(f) provides:

Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

As discipline for this misconduct, the referee recommended that Attorney McNeil's license to practice law be suspended for a period of one year. The referee also recommended that Attorney McNeil be required to pay the costs of this proceeding. Although there was no recommendation concerning restitution to the divorce clients from whom Attorney McNeil collected his fees in advance, repayment of that portion of the fees which, through his neglect, he did not earn, is implicit in our rules governing the reinstatement of an attorney's license after completion of a suspension of six months or longer or following revocation. Under those rules, a petition for reinstatement must show, among other things, that the petitioner has made restitution or settled all claims from persons injured or harmed by the attorney's misconduct or, if that has not been done, must explain the petitioner's failure or inability to do so. SCR 22.28(4)(k).

Having adopted the referee's findings and conclusions, we determine that the recommended discipline is appropriate.

IT IS ORDERED that the license of Robert J. McNeil to practice law in Wisconsin is suspended for a period of one year, commencing August 7, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert J. McNeil pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert J. McNeil to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Robert J. McNeil comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.