PEOPLE v RICKY VAUGHN

Docket No. 142711. Submitted March 31, 1993, at Grand Rapids.
Decided June 7, 1993, at 9:25 A.M.

Ricky D. Vaughn was convicted by a jury in the Muskegon
Circuit Court, Michael E. Kobza, J., of being a prison inmate in
possession of a controlled substance. He pleaded guilty of being
an habitual offender, third offense, and was sentenced to two to
ten years in prison, with the sentence to run consecutively to
the sentence he was serving when he committed the offense.
His application for delayed appeal was granted.

The Court of Appeals *held:*

1. There was sufficient evidence to sustain the possession
conviction. The facts indicate that there was a clear link
between the defendant and the cocaine found on the syringe
that he threw out his window.

2. Although only a minuscule quantity of cocaine, invisible to
the naked eye, was found in the defendant's constructive pos-
session, the facts, combined with the results of laboratory tests
confirming the presence of cocaine, were sufficient to allow an
inference of criminal scienter.

3. The prosecutor did not comment improperly with regard to
the defendant's right to remain silent. The alleged improper
comment was a permissible response to the defendant's closing
argument.

4. Alleged instructional error by the trial court was not
preserved for appellate review because the defendant did not
object to the instruction in the trial court, and no manifest
injustice will result from the Court's failure to review the issue.

5. The defendant failed to raise in the trial court his allega-
tion that the prosecution's use of peremptory challenges denied

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.

What constitutes "possession" of a narcotic drug proscribed by sec.
2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.

Drug abuse: what constitutes illegal constructive possession under
21 USCS sec. 841 (a) (1), prohibiting possession of a controlled
substance with intent to manufacture, distribute, or dispense the
same. 87 ALR Fed 309.

him a fair trial. Because it is not clear from the record that the prosecution used its peremptory challenges in a discriminatory fashion and the defendant failed to raise the issue or otherwise develop an adequate record of his objections, appellate review of the issue has been forfeited.

Affirmed.

1. CONTROLLED SUBSTANCES — CONSTRUCTIVE POSSESSION.

Possession of a controlled substance may be actual or constructive; being present at a location where a controlled substance is found, without more, is insufficient to prove constructive possession because there must be some link shown between the person present and the controlled substance.

2. CONTROLLED SUBSTANCES — POSSESSION — KNOWLEDGE OF POSSESSION.

The presence of a quantity of a controlled substance that is invisible to the naked eye, by itself, is insufficient to support an inference that a person knowingly possessed the substance; however, other facts and circumstances may support an inference of knowing possession of the substance.

3. APPEAL — CRIMINAL LAW — PRESERVING QUESTION — PEREMPTORY CHALLENGES.

Unless it is clear from the record that the prosecution used peremptory challenges in a discriminatory fashion, failure to raise the issue in the trial court or otherwise develop an adequate record of objections forfeits appellate review of the issue.

*Timothy G. Holland,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

D. E. SHELTON, J. Following a jury trial, defendant was convicted of being an inmate in possession of a controlled substance, MCL 800.281(4); MSA 28.1621(4). Defendant subsequently pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. After vacating the sentence for the underlying possession charge, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court sentenced defendant to two to ten years for the habitual offender conviction, which sentence runs consecutively to the term defendant was serving when he committed the offense. This Court granted the defendant's application for delayed appeal. We affirm.

Defendant is incarcerated at the Muskegon Correctional Facility. On December 3, 1987, Sergeant David Bultema, a corrections officer, was patrolling the unit when he came upon, and looked into, defendant's room. He saw defendant on the bed with his arms extended behind the desk. Bultema opened the door to defendant's room, whereupon defendant jumped up, cupped something in his hand, and attempted to get past him. Defendant was unable to get past Bultema and the officer saw defendant turn to the window, open the screen, and toss something out the window. When defendant realized that Bultema was able to see blood on the floor, defendant attempted to wipe up the blood with notebook paper. Defendant threw the notebook paper into the garbage, went to the desk, and removed a small white package that was concealed under a towel. Defendant then swallowed the package.

Bultema searched defendant but was unable to find any incriminating evidence. Bultema then left defendant's room and went outside defendant's window, where another corrections officer was searching the area to find the object that defendant had discarded. In the snow-covered yard, Bultema found a syringe that had blood on the needle. The officers concluded that the syringe had not been there long because there were no footprints in the snow and the syringe was relatively clean. Bultema returned to defendant's room, where he found a cap to the syringe inside defendant's desk.

Laboratory tests were conducted on the syringe and the notebook paper retrieved from defendant's garbage. The laboratory analyst testified that because of the minute portions of material to test, he conducted tests on an extract from the paper and a rinse from the syringe. The tests revealed the presence of a substance on both the rinse and the extract. Further testing revealed that there was cocaine present on both materials. The amount of cocaine found, however, was so minute that it could not be weighed and was invisible to the naked eye. On the basis of this evidence, defendant was convicted as charged.

On appeal, defendant argues that there was insufficient evidence to sustain the possession conviction because the prosecution failed to establish that he knowingly possessed the cocaine. We disagree.

In determining whether the prosecution has presented sufficient evidence to sustain a conviction, this Court must apply the standard adopted in *People v Hampton,* 407 Mich 354, 366; 285 NW2d 284 (1979), cert den 449 US 885 (1980). See *People v Wolfe,* 440 Mich 508, 513; 489 NW2d 748 (1992). That standard requires us to consider the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* at 515. As the Supreme Court stated, when reviewing a claim of insufficient evidence, we must avoid interfering with the jury's role as the factfinder. *Id.* at 514.

In this case, defendant was charged with being an inmate in possession of a controlled substance. The intent of the statute is to keep contraband out of the state's prison facilities. *People v Krajenka,* 188 Mich App 661, 664; 470 NW2d 403 (1991). As

with any other offense regarding the possession of contraband, the possession may be either actual or constructive. *Wolfe, supra* at 519. It is well established that a person's mere presence at a location where drugs are found, without more, is insufficient to prove constructive possession. *Id.* at 520; *People v Williams,* 188 Mich App 54, 57; 469 NW2d 4 (1991). There must be some link shown between the person charged with the possession offense and the contraband discovered. *Id.; Wolfe, supra* at 520.

In this case, viewing the evidence and all factual conflicts in a light most favorable to the prosecution, we are constrained to reject defendant's contention that there was insufficient evidence of possession. Defendant claims that because he was incarcerated in a dormitory setting, any one of the other inmates might well have possessed the cocaine. His argument ignores the facts of the case. Construing the facts in favor of the prosecution, defendant was in his room and was engaged in activity that clearly indicated he was using an illegal substance. In an effort to conceal the activity, defendant threw a syringe out his window and swallowed what appeared to be a package of cocaine. There was a clear link between the cocaine found on the syringe and defendant because there was blood on the syringe and on the floor of defendant's room. Moreover, the cap to the syringe upon which the cocaine was discovered was found in defendant's desk. Finally, Bultema and the other officer actually witnessed defendant wipe up the blood on his floor with a piece of notebook paper that was later found to have traces of cocaine on it. In view of these facts, we are persuaded that there was sufficient evidence to connect the cocaine to defendant.

Defendant also argues that there was insuffi-

cient evidence to convict him of the possession offense, as a matter of law, because of the minuscule amount of cocaine that was discovered. In support of his argument, defendant relies upon this Court's decision in *People v Hunten,* 115 Mich App 167; 320 NW2d 68 (1982). In *Hunten,* this Court held that the mere presence of a quantity of a controlled substance that is invisible to the naked eye, without more, is insufficient to support an inference of knowing possession of that substance. *Id.* at 171.

Defendant's contention that *Hunten* precludes conviction in all cases where there is a minute quantity of contraband discovered ignores the qualifying language within the *Hunten* opinion and the case law from which *Hunten* emanated. This Court specifically stated in *Hunten* that "[o]ther facts and circumstances might be established from which criminal scienter may be inferred." *Id.* The *Hunten* decision grew out of an earlier decision by our Supreme Court in which the Court held that where a defendant is found in possession of an amount of a controlled substance that is visible to the naked eye, it is a sufficient amount to permit prosecution. *People v Harrington,* 396 Mich 33, 49; 238 NW2d 20 (1976). The Court "left open" the question whether it is possible to sustain a possession conviction for an amount that is invisible to the naked eye. *Id.* In *Hunten,* this Court answered that open question by concluding that an amount of a controlled substance invisible to the naked eye, *by itself,* is not enough to sustain a conviction.

We believe that the instant case contains "other facts and circumstances" sufficient to distinguish it from the facts in *Hunten.* In *Hunten,* the defendant and a fellow inmate at the Muskegon Correctional Facility were fighting in the defendant's

cell. A routine search of the defendant's cell was conducted and revealed a syringe and a small pipe hidden in the defendant's shoe. As in this case, laboratory tests were conducted on the residue found on the syringe. Those tests confirmed that the syringe contained a controlled substance. In that context, this Court concluded that there was insufficient evidence to support an inference that the defendant knowingly possessed a controlled substance. *Id.*

In this case, although it is true that there was a minuscule quantity of cocaine found in defendant's constructive possession, other facts were in existence that would permit the inference of scienter. Defendant was in his room alone and was observed engaged in what Bultema perceived as the use of a controlled substance. Defendant attempted to dispose of the evidence by throwing the syringe out his window and wiping up the blood with the notebook paper. Moreover, defendant arguably destroyed other evidence in the presence of the officers when he swallowed a package of what appeared to be cocaine. These facts, in conjunction with the laboratory tests confirming the presence of cocaine in defendant's possession, were sufficient to allow an inference of criminal scienter and to distinguish this case from the holding in *Hunten.*

Defendant's next argument is that the prosecutor improperly commented about his right to remain silent when he stated in rebuttal:

> Finally, on the question of access to the room, again you heard the officers testify. They testified that the rooms are locked. They are single inmate rooms. Inmates and officers have access to those rooms only. We have not heard from any other inmates in Elm Unit that testified they were with the defendant that day in his room.

This Court evaluates the remarks of a prosecutor in the context in which they were made to determine whether a defendant was denied a fair and impartial trial. *People v Lawton,* 196 Mich App 341, 353; 492 NW2d 810 (1992). A prosecutor's comments are to be considered in light of defense counsel's arguments. *Id.* Further, a prosecutor may comment about and suggest reasonable inferences from the evidence presented at trial. *People v Quinn,* 194 Mich App 250, 253; 486 NW2d 139 (1992); *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989). Where impermissible comments are made by a prosecutor in response to arguments previously raised by defense counsel, reversal is not mandated. *Id.* at 100-101 (citing *People v Jansson,* 116 Mich App 674, 693; 323 NW2d 508 [1982]).

In this case, the prosecutor made the above-quoted comments in response to defense counsel's closing argument. In that argument, defense counsel attempted to create reasonable doubt by implying that the prosecution failed to rebut the theory that other inmates had access to defendant's room. Under the circumstances, it was permissible for the prosecutor to respond to defendant's argument by commenting that no other inmates came forward to corroborate defendant's theory.

Next, defendant argues that the court's instruction to the jury with regard to his prior conviction and character denied him a fair trial because he did not testify. However, defendant failed to object to the instruction. Our Supreme Court recently reinforced the well-established rule that appellate courts should refrain from reviewing instructional errors absent an objection to the instruction in the trial court. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993) (citing *People v Kelly,* 423 Mich 261, 271-272; 378 NW2d 365

[1985]). Relief will be granted only upon a showing that manifest injustice would result. *Van Dorsten, supra* at 545. In this case, no manifest injustice will result because the court clearly instructed the jury that defendant had no obligation to testify and his failure to do so could not be used against him.

Defendant's final argument is that the prosecution's use of peremptory challenges denied him a fair trial. We decline to address the issue because defendant failed to raise the issue or to otherwise develop a record below that would provide us with sufficient facts to address the issue on the merits. See *People v Williams,* 174 Mich App 132, 137-138; 435 NW2d 469 (1989). Although we recognize that the statement in *Williams* suggesting that a defendant waives the issue by failing to object to the discriminatory use of peremptory challenges is dicta, we believe that the "timely objection rule" required in the federal courts is a well-reasoned approach to the issue. See *United States v Forbes,* 816 F2d 1006, 1011 (CA 5, 1987). Accordingly, we hold that, unless it is clear from the record that the prosecution is using its peremptory challenges in a discriminatory fashion, a defendant who fails to raise the issue or otherwise develop an adequate record of objections forfeits appellate review of the issue.

Affirmed.