CLARKE v KMART CORPORATION

Docket No. 179936. Submitted August 7, 1996, at Lansing. Decided December 10, 1996, at 9:00 A.M. Leave to appeal sought.

Dorothy Clarke brought an action in the Kalamazoo Circuit Court against Kmart Corporation, alleging racial discrimination, false imprisonment, intentional infliction of emotional distress, and assault and battery after shopping at one of the defendant's stores and being detained by store employees in their efforts to ascertain whether a cashier had properly charged the plaintiff. The court, William G. Schma, J., granted summary disposition for the defendant with respect to all claims except the claim of assault and battery. The Court of Appeals, HOOD, P.J., and SAWYER and JANSEN, JJ., affirmed the dismissal of the claim of intentional infliction of emotional distress and the denial of summary disposition of the claim of assault and battery, reversed the dismissal of the claims of discrimination and false imprisonment, and remanded the case for trial. 197 Mich App 541 (1992). A jury returned a verdict for the plaintiff. The defendant moved for a new trial, arguing that its unsuccessful peremptory challenges of three jurors, one of whom was black and the others deemed by the trial court to be racial minorities, were not resolved in the manner outlined in *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986). The trial court denied the motion. The defendant appealed.

The Court of Appeals *held*:

1. The trial court failed to comply with the *Batson* procedures when, on its own initiative, it required the defendant to give race-neutral reasons for the challenges to the jurors without requiring the plaintiff to make a prima facie showing of discrimination.

2. Even if it is assumed that the plaintiff could have met the burden of establishing a prima facie showing of discrimination, the trial court abused its discretion in determining that the defendant's reasons for seeking the dismissal of the challenged jurors were not race-neutral.

3. The seating of the challenged jurors was not harmless error, and the defendant is entitled to a new trial.

Reversed and remanded.

JURY — PEREMPTORY CHALLENGES — RACE-BASED EXCLUSIONS.

The issue of an improper race-based peremptory challenge may not be raised by a trial court on its own initiative; a prima facie showing of discrimination must be made by the litigant not making the peremptory challenge and the party exercising the challenge must state a race-neutral rationale for striking the juror before the trial court can decide whether the peremptory challenge is improperly based on race.

*Chambers Steiner* (by *Angela J. Nicita* and *Sanford L. Steiner*), for the plaintiff.

*York & Miller, P.C.* (by *David S. York* and *Michael J. Miller*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and HOEKSTRA and E. A. QUINNELL,* JJ.

HOEKSTRA, J. In this case involving plaintiff's claims of assault and battery, false imprisonment, and discrimination,[1] defendant Kmart Corporation appeals as of right from a jury verdict in plaintiff's favor following a five-day trial in the Kalamazoo Circuit Court and a trial court order denying defendant's motion for a new trial. We reverse and remand for a new trial.

Defendant argues that it was deprived of its right to a fair and impartial jury because of errors that occurred in the jury selection process. We agree. Here, the trial court's rulings regarding the seating of minority jurors demonstrate a failure to comply with the procedures outlined in *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986). The trial court, apparently on its own initiative, required defendant to state a neutral reason for its challenge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The facts underlying this case are set forth in this Court's earlier decision resolving challenges to summary disposition rulings, *Clarke v Kmart Corp*, 197 Mich App 541; 495 NW2d 820 (1992).

to the first black juror to be challenged despite the fact that plaintiff had not even raised the issue or made an objection based upon *Batson.* The trial court likewise required defendant to give race-neutral reasons for challenges to two minority jurors whom defendant unsuccessfully tried to challenge peremptorily later in the proceedings.

To compound the problem, the trial court did not require plaintiff to make a prima facie showing of discrimination, a required first step. It is well-settled that the party opposing the strike must make a prima facie showing of discrimination before the burden shifts to the other party to provide a race-neutral rationale for striking the juror. *Harville v State Plumbing & Heating, Inc,* 218 Mich App 302, 319; 553 NW2d 377 (1996), quoting *Batson, supra; Haberkorn v Chrysler Corp,* 210 Mich App 354, 369; 533 NW2d 373 (1995). In the instant case, the trial court concluded sua sponte, after hearing defendant's race-neutral reason for its first challenge to a minority juror, that a prima facie case had "obviously" been made out because the juror was black. Similarly, the trial court recognized that the two other challenged jurors were minorities because one had a Hispanic surname and the other was "biracial." However, the race of a challenged juror alone is not enough to make out a prima facie case of discrimination. The mere fact that a party uses one or more peremptory challenges in an attempt to excuse minority members from the jury venire, which is at most what was shown in the instant case, is not enough to establish a prima facie showing of discrimination. *People v Williams,* 174 Mich App 132, 137; 435 NW2d 469 (1989).

Furthermore, even assuming that plaintiff could have met her burden of establishing a prima facie showing of discrimination, we believe that the trial court abused its discretion in determining that defendant's reasons for seeking dismissal of the challenged jurors were not race-neutral.[2] The party providing the race-neutral reason is not required to justify the exercise of the peremptory challenge to the same degree one must justify a challenge for cause. *People Barker*, 179 Mich App 702, 706; 446 NW2d 549 (1989), aff'd 437 Mich 161; 468 NW2d 492 (1991), citing *Batson, supra.* Rather, the party must articulate a neutral explanation related to the particular case to be tried. *Id.* The United States Supreme Court has stated that unless a discriminatory intent is inherent in the reason offered, which does not have to be persuasive or even plausible, the reason will be deemed race-neutral. *Purkett v Elem*, 514 US ___; 115 S Ct 1769, 1771; 131 L Ed 2d 834 (1995). Here, the trial court abused its discretion in determining that defendant's reasons for seeking dismissal of the three jurors at issue, one on the basis of his career orientation and two on the basis of an alleged prohibited conversation discussing a topic relevant to the trial, were not race-neutral.

Finally, plaintiff argues that even if error did occur in the seating of these three jurors, the error was harmless. Plaintiff cites *United States v Annigoni*, 68 F3d 279 (CA 9, 1995) for the proposition that the

---

[2] We make no comment regarding whether the jurors ultimately would have been dismissed. Because plaintiff failed to present a prima facie case, and the trial court failed to accept defendant's race-neutral reasons for dismissal, we are unable to determine whether plaintiff could have proved "purposeful discrimination." *Harville, supra* at 319.

denial of a peremptory challenge to which a party is entitled is not error requiring a new trial because the party did not lose the benefit of an impartial jury. This case has since been reversed by the United States Court of Appeals for the Ninth Circuit en banc. *United States v Annigoni*, 96 F3d 1132 (CA 9, 1996). Furthermore, in *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228; 445 NW2d 115 (1989), our Supreme Court concluded that error requiring reversal occurred when an objectionable juror for whom the plaintiffs would have exercised a peremptory challenge remained on the jury after the plaintiffs were forced to use their last peremptory challenge on a juror who should have been removed for cause. Accordingly, we believe that the error in this case cannot be considered harmless, and defendant is entitled to a new trial.

Reversed and remanded. We do not retain jurisdiction.