*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CLIFTON EARL WHITE,

Defendant-Appellee.

UNPUBLISHED
February 14, 2019

No. 341939
Wayne Circuit Court
LC No. 17-008458-01-FH

Before: JANSEN, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

The prosecution appeals as of right an order dismissing the charges against defendant of possession with intent to deliver 50 to 449 grams of cocaine, MCL 333.7401(2)(a)(*iii*), possession with intent to deliver marijuana in an amount less than 5 kilograms, MCL 333.7401(2)(d)(*iii*), possession of a firearm by a felon (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises from defendant's arrest after Detroit police officers executed a search warrant at a home in the city of Detroit. At defendant's preliminary examination, Officer Leo Rhodes testified that he assisted in the execution of the search warrant, and once inside, he saw defendant in his underwear standing in the living room. After defendant was detained, Officer Rhodes searched a first-floor bedroom, where he found photographs of defendant, clothing that would fit defendant, marijuana, and a cellphone. The marijuana was packaged into 32 individual bags inside one larger bag. Believing that the cellphone belonged to defendant, officers opened the phone and saw that it contained photos of firearms. After searching the bedroom, Officer Rhodes moved to the dining room, where he found a scale and empty ziplock bags on a table. Officer Rhodes explained that these items are, in his experience, commonly used to package and distribute narcotics.

Officer Ronald Hopp testified that he also assisted in executing the search warrant of the target house. Around the outside of the target house, Officer Hopp noticed a path "beat down

with footprints" between the target house and a vacant house next door. Officer Hopp explained that the house appeared vacant because it was completely boarded up, except for one window that was wide open with a chair positioned beneath it. Officer Hopp followed the path of footprints to the chair beneath the open window and looked into the house. When peering through the window, Officer Hopp saw more footprints leading from the window to inner portions of the house. Officer Hopp proceeded to go inside and "clear[]" the house, and while doing so, he discovered five firearms behind a bathroom door. Officers identified the firearms found in the vacant house as matching the firearms pictured on defendant's cellphone. After other officers were informed about the footprints leading to the vacant house next door, Sergeant Samuel Pionessa followed the footprints to the chair, went through the window, and followed the "same footprints" inside the house to an upstairs closet. In the closet, the officer found a black bag containing two ziplock bags: one filled with marijuana and the other "containing five knotted bags of cocaine." Officers also searched defendant's car, which was parked outside of the target house, and recovered defendant's identification card and $7,529 in cash.

The parties stipulated that the bag of narcotics discovered at the target home weighed 20.6 grams and tested positive for marijuana; the ziplock bag from the vacant house containing the five knotted bags weighed 129 grams and tested positive for cocaine; and the other ziplock bag from the vacant house weighed 96.46 grams and tested positive for marijuana. The parties also stipulated that defendant had been convicted of felony-firearm in April 2009 and that, at the time of the alleged offenses here, his right to bear arms had not been restored.

Based on this evidence, the district court found probable cause to bind defendant over for trial on all charges. In the circuit court, defendant filed a motion to quash the information for three of the four charges: possession with intent to deliver 50 to 449 grams of cocaine, felon-in-possession, and felony-firearm. Defendant did not challenge the charge of possession with intent to deliver marijuana. Yet, in ruling on defendant's motion, the circuit court concluded that there was insufficient evidence to bind defendant over for trial on all four charges, granted defendant's motion, and dismissed the entire case. This appeal followed.

II. ANALYSIS

On appeal, the prosecution argues that the district court did not abuse its discretion in binding defendant over for trial on all four charges. We agree in part.

This Court reviews a circuit court's decision to quash the information de novo to determine whether the district court abused its discretion in binding a defendant over for trial. *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). The district court abuses its discretion when "its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

"The primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it." *People v Glass*, 464 Mich 266, 277; 627 NW2d 261 (2001). As our Supreme Court has explained:

The probable-cause standard of proof is, of course, less rigorous than the guilt-beyond-a-reasonable-doubt standard of proof. Probable cause requires a quantum of evidence "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" of the accused's guilt. Yet, to find probable cause, a magistrate need not be without doubts regarding guilt. The reason is that the gap between probable cause and guilt beyond a reasonable doubt is broad, and finding guilt beyond a reasonable doubt is the province of the jury. [*People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (citations omitted).]

Thus, to establish probable cause, the prosecution need not prove each element beyond a reasonable doubt, but must still present some evidence of each element. *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). In doing so, the prosecution can use circumstantial evidence and reasonable inferences drawn from the evidence. *People v Greene*, 255 Mich App 426, 444; 661 NW2d 616 (2003).

## A. POSSESSION WITH INTENT TO DELIVER MARIJUANA

The elements of possession with intent to deliver marijuana under MCL 333.7401(2)(d)(*iii*) are: "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005). Here, the parties stipulated that marijuana was found at the target home in the amount of 20.6 grams and that marijuana is a controlled substance. The only disputable issues are whether defendant "knowingly possessed" the marijuana with the requisite intent to deliver it.

Possession can be either actual or constructive. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). Constructive possession "exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *People v Wolfe*, 440 Mich 508, 521; 441 NW2d 748 (1992), amended 441 Mich 1201 (1992). "The essential question is whether the defendant had dominion or control over the controlled substance." *People v Konrad*, 449 Mich 263, 271; 536 NW2d 517 (1995). "[A] person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession." *Wolfe*, 440 Mich at 520. "There must be some link shown between the person charged with the possession offense and the contraband discovered." *People v Vaughn*, 200 Mich App 32, 36; 504 NW2d 2 (1993).

Here, the prosecution clearly established a sufficient nexus between defendant and the marijuana found in the target home to find probable cause that defendant constructively possessed the marijuana. It can be reasonably inferred that defendant resided at the target home; he was standing in his underwear in the living room when the search warrant was executed, and, in a bedroom, officers found clothing that fit defendant and photographs of defendant. In that same bedroom, officers also found the 32 small bags of marijuana. Because it can be reasonably inferred that the bedroom was defendant's, there was probable cause to believe that defendant constructively possessed the marijuana.

The remaining element, "intent to deliver," can be proved inferentially. *Wolfe*, 440 Mich at 524. "[A]ctual delivery of narcotics is not required to prove intent to deliver. Intent to deliver has been inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *Id*. (citations omitted).

Here, the marijuana found in defendant's bedroom weighed 20.6 grams and was packaged into 32 small individual baggies. Based on the quantity of the marijuana and the way that it was packaged, it can be reasonably inferred that defendant intended to deliver the marijuana. This conclusion is bolstered by the digital scale and empty ziplock bags found in the dining room, which officers testified were commonly used in packaging narcotics to later sell, as well as the $7,529 in cash found in defendant's car. Because the evidence was sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that defendant knowingly possessed marijuana with the intent to deliver it, the district court did not abuse its discretion by binding defendant over. The circuit court erred by concluding otherwise.[1]

## B. FELON-IN-POSSESSION

The essential elements of felon-in-possession of a firearm are "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016). Here, the parties stipulated that defendant had been convicted of a felony and the requirements for regaining eligibility had not been satisfied. The only issue is whether defendant "possessed" the firearms found inside the vacant house. The prosecution contends that defendant constructively possessed those firearms. See *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012) (explaining that constructive possession satisfies the possession element of felon-in-possession).

We conclude that the prosecution presented sufficient evidence to establish a nexus between defendant and the firearms to bind defendant over for felon-in-possession. Again, it was reasonable to infer, based on the evidence, that defendant lived at the target house. There was a path between the target house and the vacant house next door that was "beat down with footprints." From this evidence, it can reasonably be inferred that people from the target house regularly walked between the vacant house and the target house. As defendant resided at the target house, it is also reasonable to infer that he was one of the people walking between the homes. Yet defendant's presence in the vacant house, without more, is insufficient to establish that he constructively possessed the firearms. See *Wolfe*, 440 Mich at 520.

But there was additional evidence to establish that defendant constructively possessed— that is, exercised dominion or control over, see *Konrad*, 449 Mich at 271—the firearms. In the bedroom that appeared to belong to defendant—based on the photographs of defendant and the

---

[1] We need not address this charge in relation to the marijuana found in the vacant house as the prosecution satisfied the elements and weight requirements of MCL 333.7401(2)(d)(*iii*) based solely on the marijuana recovered in the target house.

clothing in the room that fit defendant—officers found a cellphone on the bed. Because the phone was in defendant's room, it is reasonable to infer that the phone belonged to defendant. On the phone were pictures of the five firearms that were found in the vacant house next door. It was not outside the range of reasonable and principled outcomes for the district court to conclude that defendant's inferred presence in the vacant house, combined with this "additional link between the defendant and the contraband," *People v Fetterley*, 229 Mich App 511, 515; 583 NW2d 199 (1998), created a "sufficient nexus between the defendant and the contraband," *Wolfe*, 440 Mich at 521, to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief, *Yost*, 468 Mich at 126, that defendant constructively possessed the firearms. And because the other element of felon-in-possession was stipulated to by the parties, the district court did not abuse its discretion by binding over defendant. The circuit court erred by concluding otherwise.

### C. FELONY-FIREARM

The elements of felony-firearm under MCL 750.227b "are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011). As already explained, the evidence established that defendant possessed marijuana with intent to distribute it under MCL 333.7401(2)(d)(*iii*), which is a felony. The evidence also established that defendant constructively possessed a firearm, for the reasons explained. Thus, there was probable cause to believe that defendant was guilty of felony-firearm, and the district court did not abuse its discretion in so finding. The circuit court's ruling otherwise was in error.

### D. POSSESSION WITH INTENT TO DELIVER 50 TO 449 GRAMS OF COCAINE

The elements of possession with intent to deliver between 50 and 449 grams of cocaine under MCL 333.7401(2)(a)(*iii*) are that: (1) the substance is cocaine, (2) the cocaine weighed between 50 and 450 grams, (3) the defendant was not authorized to possess the cocaine, and (4) the defendant knowingly possessed the cocaine intending to deliver it. See *McGhee*, 268 Mich App at 622. The first three elements are undisputed. The only disputable issues are whether defendant knowingly possessed the cocaine with the intent to deliver.

We first reiterate that intent to deliver can be "inferred from the quantity of narcotics" or other circumstances. *Wolfe*, 440 Mich at 524. Here, based on the amount of cocaine found in the vacant house—129 grams—there was probable cause to believe that the possessor intended to deliver the cocaine.

And we conclude that, based on the totality of the circumstances, a person of ordinary prudence and caution could reasonably believe that defendant constructively possessed the cocaine. As already explained, it can be reasonably inferred that defendant was present in the vacant house; there was a well-trodden path between defendant's house and the vacant house, and photos on defendant's phone depicted the firearms found inside the vacant house. While defendant's presence in the home was not, by itself, sufficient to conclude that defendant constructively possessed the cocaine, *Wolfe*, 440 Mich at 520, there was an "additional link between the defendant and the contraband," *Fetterley*, 229 Mich App at 515. Namely, officers followed footprints that led from defendant's house directly to the cocaine, and other evidence

suggested that defendant likely trafficked narcotics: officers found a digital scale and small baggies in the dining room, the marijuana found in defendant's bedroom was packaged in 32 individual baggies, and officers found a large amount of cash in defendant's car. Based on the amount of cocaine found in the vacant house (supporting that its possessor intended to deliver the cocaine), the footprints from defendant's house leading to the cocaine (inferentially linking defendant to the cocaine), and evidence that defendant likely trafficked narcotics, a person of ordinary prudence and caution could reasonably believe that the cocaine in the vacant house belonged to defendant. In other words, it is not outside the range of reasonable and principled outcomes to infer that, although defendant did not actually possess the cocaine when officers found it, he did constructively possess it. Thus, the district court did not abuse its discretion by binding defendant over on this charge.

### III. CONCLUSION

The district court did not abuse its discretion when it bound defendant over on the charges of possession with intent to deliver marijuana, felon-in-possession, felony-firearm, and possession with intent to deliver cocaine. We reverse the circuit court to the extent that it dismissed these charges.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien