*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL JOE GASAWAY,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 358666
Oscoda Circuit Court
LC No. 20-001715-FH

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

A jury found defendant guilty of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), operating a motor vehicle with a suspended license, MCL 257.904(1); MCL 257.904(3)(a), and operating an unregistered vehicle, MCL 257.215. Defendant appeals as of right, arguing that there was insufficient evidence to support his possession of methamphetamine conviction. We affirm.

## ANALYSIS

### A. STANDARD OF REVIEW

We review challenges to sufficiency of the evidence de novo, "view[ing] the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). The prosecution does not need to "negate every theory consistent with innocence, but is obligated to prove its own theory beyond a reasonable doubt, in the face of whatever contradictory evidence the defendant may provide." *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). It is for the trier of fact, not this Court, to determine what inferences can fairly be drawn from the evidence and what weight should be accorded to such inferences. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Finally, we review de novo the interpretation and application of statutes. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

B. DISCUSSION

Defendant's sole contention on appeal is that the prosecution failed to present evidence to prove beyond a reasonable doubt that he possessed methamphetamine.

The Due Process Clauses of the United States and Michigan Constitutions guarantee a criminal defendant's right to due process of law and a fair trial. US Const, Am XIV; Const 1963, art 1, § 17. "The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Possession of methamphetamine is governed by MCL 333.7403, which provides, in relevant part:

> (1) A person shall not knowingly or intentionally possess a controlled substance . . . unless the controlled substance . . . was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.

> (2) A person who violates this section as to:

> \* \* \*

> (b) Either of the following:

> (*i*) A substance described in [MCL 333.7212(1)(h)] or [MCL 333.7214(c)(*ii*)[1]] is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00, or both.

When a defendant is charged with possession of methamphetamine, "the prosecution must prove that the defendant knowingly or intentionally possess[ed] methamphetamine." *People v Baham*, 321 Mich App 228, 247; 909 NW2d 836 (2017) (quotation marks omitted; alteration in original). Possession of a controlled substance may take several forms:

> A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive. Likewise, possession may be found even when the defendant is not the owner of recovered narcotics. Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance. [*Hardiman*, 466 Mich at 421 (quotation marks and citation omitted).]

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind,

---

[1] MCL 333.7214(c)(*ii*) provides that "[a]ny substance which contains any quantity of methamphetamine, including its salts, stereoisomers, and salts of stereoisomers" is a schedule 2 substance.

which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

The evidence presented to the jury revealed that defendant's vehicle was stopped because he was swerving and Conservation Officer Michael Pullum suspected defendant was intoxicated. Defendant passed an alcohol-specific sobriety test but failed two sobriety tests for other intoxicating substances, which suggested the presence of a controlled substance like methamphetamine. Officer Pullum's search of the vehicle revealed two syringes and a scale that contained substances that tested positive for methamphetamine, as well as a pouch with an empty syringe and a glass pipe, which is commonly used when smoking substances. The passenger in defendant's vehicle, Samantha Populis, told Officer Pullum that the syringes belonged to her and defendant and would test positive for methamphetamine. Populis also indicated that she and defendant had obtained and used methamphetamine together that evening. Moreover, her testimony suggested that defendant asked her to lie for him about his innocence by writing letters on his behalf, which provided evidence that defendant was aware he was guilty of the charged crimes. See *People v Schaw*, 288 Mich App 231, 237; 791 NW2d 743 (2010). The prosecution was not required to show that defendant personally owned the objects that contained methamphetamine; rather, the prosecution was required to show merely that defendant possessed methamphetamine, whether that be actual, joint, or constructive possession. The presence of methamphetamine in the vehicle, defendant's failed sobriety tests, and Populis's testimony were sufficient to support the jury finding beyond a reasonable doubt that defendant knowingly or intentionally possessed methamphetamine.

According to defendant, even if he knew his vehicle contained methamphetamine, the liquid substance found in the syringes was too miniscule to be visible to the naked eye and, therefore, was an insufficient amount to sustain a conviction for possession. However, possession of "[a]ny substance which contains *any* quantity of methamphetamine, including its salts, stereoisomers, and salts of stereoisomers," MCL 333.7214(c)(*ii*) (emphasis added), is prohibited under MCL 333.7403(1); MCL 333.7403(2)(b)(*i*). Both a field test and a subsequent laboratory test returned positive results indicating the presence of methamphetamine in the syringes. Similarly, the digital scale found in defendant's vehicle also tested positive for methamphetamine. Therefore, the evidence was sufficient to find that the statutory requirements were met.

In support of his position, defendant attempts to analogize *People v Hunten*, 115 Mich App 167; 320 NW2d 68 (1982), but it is distinguishable. While it is true that the *Hunten* Court held that "the mere presence of a minute quantity of a controlled substance which is invisible to the naked eye, standing alone, is insufficient to support an inference of criminal scienter," *id*. at 171, defendant ignores the fact that the methamphetamine at issue was *visible* to the naked eye. Officer Pullum saw a clear substance inside the syringes as well as a white substance on the scale. Moreover, defendant ignores *Hunten*'s qualifying language indicating that the mere presence of a minute quantity of a substance, *by itself*, is insufficient to show possession. See also *People v Vaughn*, 200 Mich App 32, 37; 504 NW2d 2 (1993). As previously noted, there was evidence presented to the jury beyond the presence of substances that tested positive for methamphetamine, including defendant's failed sobriety tests and Populis's testimony.

Accordingly, there was ample evidence that, when viewed in the light most favorable to the prosecution, supported a finding by a rational jury that beyond a reasonable doubt defendant knowingly or intentionally possessed methamphetamine.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly