## PEOPLE v RICHARDSON

Docket No. 80110. Submitted June 19, 1985, at Lansing.—Decided August 5, 1985.

William E. Richardson pled guilty in Oakland Circuit Court to a charge of third-degree criminal sexual conduct and was sentenced, John N. O'Brien, J. At the plea proceeding, the court failed to inform defendant of any of the rights he would be waiving by pleading guilty. Defendant appealed. *Held:*

1. The trial court's failure to inform defendant of the rights waived by a plea of guilty requires reversal of defendant's conviction.

2. Although a defendant convicted on a plea of guilty normally may not raise on appeal any alleged failure of the trial court to inform him of rights he would be waiving by pleading guilty unless he has first moved to withdraw the plea in the trial court raising as a basis for withdrawal the claim sought to be raised on appeal, an exception is made in this case due to the extreme situation of a complete failure of the trial court to inform the defendant on the record of any of the rights waived by a guilty plea.

Reversed and remanded for further proceedings.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING PROCEDURE — COURT RULES.

The failure of a judge to personally advise a defendant prior to accepting his guilty plea that by pleading guilty he is waiving his rights to be presumed innocent until proven guilty, to have a jury trial, to remain silent, or to confront his accusers at trial is error requiring reversal of the defendant's conviction (GCR 1963, 785.7[1][c]).

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER — APPEAL — COURT RULES.

A defendant convicted on a plea of guilty normally may not raise

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law §§ 473-480.

Standards of Rule 11 of Federal Rules of Criminal Procedure, requiring personal advice to accused from court before acceptance of guilty plea, as applicable where accused's stipulation or testimony allegedly amounts to guilty plea. 53 ALR Fed 919.

on appeal any alleged failure of the trial court to inform him of rights he would be waiving by pleading guilty unless he has first moved to withdraw the plea in the trial court raising as a basis for withdrawal the claim sought to be raised on appeal (GCR 1963, 785.7[7][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*Michelle B. Gaskell,* for defendant.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

ALLEN, P.J. After pleading guilty to third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), defendant was sentenced on May 21, 1984, to a term of from 1-1/2 to 15 years' incarceration.

At the March 30, 1984, plea proceeding, defense counsel stated that he had advised his client of his statutory and constitutional rights and that defendant wanted to plead guilty to the charged offense. The court then advised defendant that if his plea were accepted there would be no trial and he would be waiving the rights that go along with a trial. The judge then inquired whether defendant had any questions about "any of the rights in connection with the trial". Defendant responded negatively. The court then proceeded to take a factual basis for the plea.

At no time did the court advise defendant of the rights enumerated in GCR 1963, 785.7(1)(c)(i)

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

through (x). Although counsel indicated that he had discussed various rights with defendant, the record fails to disclose which rights were discussed. No objection was raised to the court's failure to comply with the court rule and neither defense counsel nor the prosecutor commented upon the omissions. See, GCR 1963, 785.7(4)(a).

While many cases have dealt with the omission of a single right or the imprecise recital of several rights, this case presents the extreme situation of a complete failure to inform the defendant on the record of *any* of the rights enumerated in 785.7(1)(c). The failure to inform a defendant that he has the right to be presumed innocent until proven guilty is error requiring reversal. *People v Heintzelman,* 142 Mich App 94; 368 NW2d 903 (1985); *People v Mitchell,* 125 Mich App 475; 336 NW2d 31 (1983); *People v Lawrence,* 413 Mich 866; 317 NW2d 856 (1982). So, too, is the failure, prior to accepting a guilty plea, to inform a defendant of his constitutional rights to have a jury trial, to remain silent and to confront his accusers at trial. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

We cannot say that the trial court's omission was in any way corrected by defense counsel or the prosecutor. Without any elaboration or explication, defense counsel stated that he had discussed the constitutional and statutory rights with defendant. Even were we to assume that counsel recited or explained each right to defendant, the discussion took place off the record. Such a procedure does not allow the trial judge the opportunity to observe and evaluate the demeanor and understanding of the defendant and therefore is no substitute for the requirement that the judge "personally carry out subrules 785.7(1)-(4)". GCR 1963,

785.7. See, also, *Guilty Plea Cases, supra,* p 114; *People v Bender,* 124 Mich App 571, 577; 335 NW2d 85 (1983).

Although the error in the recitation of rights at the plea proceeding is patent, the prosecutor argues that we are precluded from considering this issue because of appellate counsel's failure to comply with GCR 1963, 785.7(7)(a). Following an amendment by the Supreme Court, effective March 1, 1984, in order to take an appeal following a guilty plea, certain procedural requirements must be satisfied. That rule provides:

"A defendant convicted on a plea of guilty or nolo contendere *may not raise on appeal any alleged noncompliance with the requirements of subrules 785.7(1)-(4)* or any other claim that the plea was not an understanding, voluntary, or accurate one *unless the defendant has moved to withdraw the plea in the trial court raising as a basis for withdrawal the claim sought to be raised on appeal.* In order to preserve an appeal of right as to such an issue, the defendant must file a motion to withdraw the plea in the trial court before the filing of the claim of appeal; the Court of Appeals need not grant a motion to remand pursuant to GCR 1963, 817.6(1) to allow a defendant the opportunity to file such a motion." (Emphasis supplied.)

In the present case, appellate counsel did file a motion to withdraw the plea in the trial court. While the motion contains a reference to the amended court rule and to the need to bring the motion in order to perfect an appeal, no specific reason in support of the motion to withdraw is alleged. In fact, at the hearing on the motion, appellate counsel indicated that she had received a copy of the plea transcript but that she could "find no error as far as the actual plea taking" was concerned. Further, because she had not yet been able to contact defendant, she was unsure whether

he would claim that his plea was involuntary. She brought the motion because of the time limitations set forth in the amended rules and, despite the fact that she had advanced no basis which would support withdrawal of the plea, she asked the court to "enter an order which allows me to withdraw his plea and come back" and stated that she "just need[ed] an order, one way or the other, from [the court] so I can continue on the to the Court of Appeals". The motion was denied, and at some point prior to submission of the appellate brief, counsel discovered the defect in the plea proceedings.

We believe that appellate counsel misunderstands both the purpose and meaning of the amended court rule. In addition to setting specific provisions for the preservation of a claim following a guilty plea, the court rule also provides a procedure by which errors in a plea proceeding can be corrected at the trial court level in an expeditious manner. When a motion to withdraw is made in the trial court alleging a particular defect in a plea proceeding, the trial court has the opportunity to correct the error or to supplement the record and then provide the defendant with the option of affirming the plea and sentence or withdrawing the plea. GCR 1963, 785.7(7)(b). If the defendant elects the former option, the subsequent information is considered as part of the plea proceeding, GCR 1963, 785.7(7)(c). The benefit of such a procedure is that the trial court may rectify any error prior to the initiation of the formal appeal process. If the procedure is followed, errors will be resolved in the trial court which will result not only in fewer appeals but in swifter resolutions.

In the present case, appellate counsel's pro forma filing of the motion to withdraw and her argument in circuit court fall short of the require-

ments of the court rule. Counsel did not raise any defect in the plea proceeding as a basis for withdrawal of the plea and, to the contrary, inexplicably stated that she found no error. In order for the court rule to have its intended effect, counsel must state with specificity the bases for their motions to withdraw. Amendments to the court rule were designed to facilitate this process. GCR 1963, 803.1(c) was amended to provide that an appeal as of right following a plea of guilty or nolo contendere may be brought within 60 days of the filing of the plea transcript or within 60 days after entry of the order denying the motion to withdraw. (Note, MCR 7.204(A)(3) provides for a 56-day time period in which to file a claim of appeal.)

These changes were designed to give appellate counsel the time to review the transcript of the plea proceeding and to move in the trial court for relief while that court still has jurisdiction over the case. If the motion is denied, counsel still has time to file a timely appeal as of right from the alleged error in the plea proceedings. GCR 1963, 785.7(7)(a). The amended rules were not designed to simply place one meaningless step into the review process but were designed to facilitate the entire process by allowing trial courts the opportunity to correct any errors in the first instance. Of course, one benefit to the system would be a reduction in the number of reversals based on an omission during the plea proceeding.

In the present case, we reverse defendant's conviction and remand for further proceedings despite appellate counsel's failure to properly raise this claim in the trial court and thus preserve the issue for appeal. We do not wish this opinon to signal any laxity in the manner in which future cases will be reviewed. However, because the record of the plea proceeding reveals the complete absence

of any on-the-record recitation or discussion of any of ten rights enumerated in GCR 1963, 785.7(1)(c) (i) through (x), we do not apply the general rule of waiver.

Reversed.