PEOPLE v QUINN

Docket No. 121930. Submitted January 7, 1992, at Lansing. Decided May 18, 1992, at 9:00 A.M. Leave to appeal denied, 440 Mich App 908.

Dean T. Quinn was convicted by a jury in the Oakland Circuit Court, John N. O'Brien, J., of felonious assault, pleaded guilty of being an habitual offender, third offense, and was sentenced. He appealed.

The Court of Appeals *held:*

1. The prosecutor's remarks during rebuttal closing argument regarding the defendant's character were prejudicial, denied the defendant a fair and impartial trial, and require reversal of the felonious-assault conviction. The defendant's character was not an issue at trial.

2. The habitual-offender conviction must be reversed, even though the defendant failed to move to withdraw his plea, because the trial court did not inform the defendant on the record of the rights enumerated in MCR 6.302.

Reversed and remanded for a new trial on both the underlying and supplemental charges.

1. CRIMINAL LAW — PROSECUTORIAL COMMENT — CHARACTER OF DEFENDANT.

A prosecutor may not comment on a defendant's character when character is not at issue.

2. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A trial court's failure to inform a defendant on the record of the rights given up by pleading guilty requires reversal of the conviction even where the defendant failed to move for withdrawal of the plea (MCR 6.302; 6.311[C]).

REFERENCES

Am Jur 2d, Criminal Law §§ 471, 473-480.

Sufficiency of court's statement, before accepting plea of guilty, as to waiver of right to jury trial being a consequence of such plea. 23 ALR4th 251.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for the defendant on appeal.

Before: SULLIVAN, P.J., and WAHLS and J. W. FITZGERALD,* JJ.

SULLIVAN, P.J. A jury convicted defendant of felonious assault, MCL 750.82; MSA 28.277. Defendant then pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. The court sentenced defendant to an enhanced prison term of one to eight years. Defendant appeals as of right, claiming prosecutorial misconduct and failure of the trial court to inform him fully of his rights when taking his guilty plea to the habitual offender charge. We hold that the prosecutor's remarks during closing argument deprived defendant of a fair trial and we reverse his conviction of felonious assault on that ground. We also reverse his habitual-offender conviction and remand for a new trial on both the underlying and supplemental charges.

Defendant was charged with assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, arising out of a traffic confrontation with the complainant. Each accused the other of cutting him off. Their jockeying for position, hand gestures, and shouting from within their vehicles escalated to the point where they left their cars while stopped at a traffic light. The complainant was a large and admittedly angry

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

man. Defendant was a smaller and admittedly intoxicated man. This volatile combination resulted in defendant swinging a hammer at the complainant, landing a blow to his head.

At trial, defendant offered self-defense and intoxication as his defenses. On direct examination, he testified that he had consumed about half of a fifth of vodka during the two hours just before the occurrence. He also testified that he had a problem with alcohol. On cross-examination, the prosecutor asked a series of questions about his past use of drugs other than alcohol, particularly marijuana and cocaine. Defense counsel objected only after several questions. The court sustained the objection. The prosecutor then questioned defendant about his use of marijuana on the date of the altercation. Defendant said that he shared five or six marijuana cigarettes with two other people over the same time he was drinking the vodka. Defendant also admitted, in response to the prosecutor's question, that he knew it was illegal to drive his car while intoxicated.

Apparently on the basis of this testimony, the prosecutor argued as follows in rebuttal:

> A little bit more about who to believe. Let's look at the Defendant's personal credibility, besides the holes in his story. I'd ask you to look a little bit into his character. Now, character alone isn't enough to convict somebody, but it's something to consider, the Judge will tell you, when you're trying to decide whether or not to believe what he's telling you now that he's on trial for this serious crime. The Defendant admitted on cross-examination that he thinks nothing of drinking and driving although he knows it's against the law. Not proof positive of anything, but we know he'll break the law when it suits his purpose.
>
> He smokes marijuana. He's admitted that he's

tried cocaine. Again, it doesn't prove anything in and of itself, but it tells us a little bit about his character. He'll break the law when it suits his purpose.

A prosecutor may comment upon and suggest reasonable inferences from the evidence. *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989). Where, however, evidence of a defendant's other wrongful acts has been admitted for the limited purpose allowed under MRE 404(b), the prosecutor deprives the defendant of a fair trial in arguing that the jury should consider the evidence as substantive evidence of the defendant's guilt. *People v Haines,* 105 Mich App 213, 218; 306 NW2d 455 (1981). See also *People v Vaughn,* 128 Mich App 270, 272-273; 340 NW2d 310 (1983). It is not proper for the prosecutor to comment on the defendant's character when his character is not in issue. See *People v Fredericks,* 125 Mich App 114, 118; 335 NW2d 919 (1983); *People v Gregory Williams,* 57 Mich App 521, 523, n 1; 226 NW2d 547 (1975).

The prosecutor in this case constructed a grossly improper closing argument out of improper but unobjected-to cross-examination. For want of a defense objection, the cross-examination alone might not have merited reversal; no objection or curative instruction, however, could have obviated the prejudice resulting from the prosecutor's closing argument.

The defects in the argument are many and obvious. It includes comments on character when defendant's character was not in issue. It suggests that the jury may convict a person because of his character rather than because of specific conduct. It invokes likely prejudices of the jurors regarding drunken driving and drug use when defendant was

charged with a crime unrelated to those transgressions.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989). The prosecutor in this case went beyond vigorous advocacy and inflamed the prejudices of the jury. See *People v Marji,* 180 Mich App 525, 538; 447 NW2d 835 (1989). Moreover, the prejudicial remarks were made during rebuttal, when defense counsel had no opportunity to respond. See *Haines, supra,* p 218. No cautionary instruction could have undone the harm, and defendant was deprived of a fair trial.

We also reverse defendant's habitual-offender conviction. Generally, a motion to withdraw the plea is a prerequisite to a claim on appeal that the trial court failed to comply with the rules or advise the defendant of his rights in taking a guilty plea. MCR 6.311(C), formerly MCR 6.101(F) (7); *People v Osuna,* 174 Mich App 530, 532; 436 NW2d 405 (1988). Where, however, the court completely fails to inform the defendant on the record of any of the rights enumerated in MCR 6.302, we may disregard the general waiver rule. *People v Richardson,* 144 Mich App 616, 621-622; 376 NW2d 167 (1985). The trial court's brief remarks on the record in this case were nearly identical to those held to require reversal in *Richardson,* despite the lack of an appropriate motion. Under the circumstances, and because of the necessity for a new trial on the underlying charge, we vacate the habitual-offender conviction and remand for a new trial on the supplemental information in the event defendant is again convicted on the assault charge.

Reversed and remanded. We do not retain jurisdiction.