PEOPLE v GAINES

Docket No. 132154. Submitted October 2, 1992, at Detroit. Decided
February 1, 1993, at 9:25 A.M.

Michael A. Gaines was convicted by a jury in the Oakland Circuit
Court, John N. O'Brien, J., of receiving and concealing stolen
property worth over $100, and he pleaded guilty of being an
habitual offender, second offense. He appealed.

The Court of Appeals *held:*

1. The evidentiary issue raised by the defendant was not
preserved for appeal because he did not testify and the chal-
lenged evidence was not introduced at trial.

2. The trial court did not err in refusing to instruct the jury
concerning the misdemeanor of receiving and concealing stolen
property. The instruction was not supported by a rational view
of the evidence.

3. The defendant failed to preserve for appellate considera-
tion the issue concerning the validity of his guilty plea to the
habitual offender charge by not moving to withdraw the plea,
as required by MCR 6.311(C).

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — VALIDITY
OF PLEA.

The issue of the validity of a plea of guilty of being an habitual
offender is not preserved for appeal where the defendant fails
to move to withdraw the plea and there is no error that
requires a retrial of the underlying felony (MCR 6.311[C]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *John S. Pallas,* Assistant
Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Appeal and Error §§ 554, 601.
See ALR Index under Appeal and Error; Guilty Plea.

*Stuart L. Young,* for the defendant.

Before: SHEPHERD, P.J., and WEAVER and TAY-LOR, JJ.

WEAVER, J. Defendant, Michael A. Gaines, was convicted by an Oakland Circuit Court jury of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803, and thereafter pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was sentenced to 2½ to 7 years' imprisonment, to be served consecutively to another sentence he was then serving. He now appeals as of right. We affirm. This case, pursuant to MCR 7.214(E)(1)(b), has been decided without oral argument.

Defendant's evidentiary issue has not been preserved for appellate consideration because he did not testify and the challenged evidence was not introduced at trial. *People v Finley,* 431 Mich 506; 431 NW2d 19 (1988).

Next, we reject defendant's claim of instructional error. The misdemeanor instruction defendant requested on receiving and concealing stolen property valued at $100 or less was not supported by a rational view of the evidence. *People v Lucas,* 188 Mich App 554, 582; 470 NW2d 460 (1991); *People v Steele,* 429 Mich 13, 21; 412 NW2d 206 (1987).

Finally, defendant's challenge concerning the validity of his habitual offender plea is not properly before us because he did not move to withdraw the plea in the trial court. MCR 6.311(A) and (C). In *People v Quinn,* 194 Mich App 250, 254; 486 NW2d 139 (1992), this Court recognized an exception to the formal motion requirement where, among other things, there was a complete failure to inform the defendant on the record of the rights

enumerated in MCR 6.302. However, *Quinn* is distinguishable from this case because, here, there is no error that requires retrial on the underlying offense. Absent this significant fact, we decline to ignore the clear requirements of MCR 6.311(C) that the filing of a motion for plea withdrawal at the trial level is a prerequisite to obtaining relief on appeal.

Affirmed.