PEOPLE v HERNANDEZ

Docket No. 92923. Argued October 13, 1992 (Calendar No. 5). Decided
    July 13, 1993.
    Mario Hernandez pleaded guilty in the Kent Circuit Court,
    Dennis C. Kolenda, J., of assault with intent to commit murder.
    After being afforded a reasonable opportunity to review the
    presentence report, the defendant raised no objection, and
    subsequently was sentenced pursuant to a plea bargain to a
    term of imprisonment within the range recommended in the
    sentencing guidelines for assault to do great bodily harm less
    than murder. He appealed, alleging error in the presentence
    scoring of an offense variable under the guidelines. The Court
    of Appeals, SAWYER, P.J., and WEAVER and GRIFFIN, JJ., or-
    dered remand to the trial court to permit the defendant to
    move for resentencing, stating that it was compelled to do so by
    *People v Walker,* 428 Mich 261 (1987) (Docket No. 140896). The
    people appeal.

      In an opinion by Chief Justice CAVANAGH, joined by Justices
    LEVIN, BRICKLEY, GRIFFIN, and MALLETT, the Supreme Court
    *held:*

      The Court of Appeals is not compelled to grant every motion
    for remand. Remand is available only where the issue is shown
    to require development of the record or initial decision by the
    trial court, MCR 7.211(C)(1). If there is evidence supporting the
    trial court's initial scoring of a sentencing guidelines variable,
    the motion may be denied. In this case, there was sufficient
    evidence to support the trial court's scoring.

      Justice BOYLE, joined by Justice RILEY, concurring, stated
    that to preserve a sentencing guidelines scoring issue for ap-
    peal, an objection should be raised at sentencing. The objection
    should be specific when a portion of the presentence report is
    challenged, or general when the trial court refuses to grant
    additional time to review the report. Remand should not be
    required unless development of a record is necessary to provide

REFERENCES
Am Jur 2d, Appeal and Error §§ 962, 972, 974.
See ALR Index under Remand.

a basis for review of an issue that could not have been identi-
fied or developed in the underlying proceeding.
    Reversed.

Sentences — Sentencing Guidelines — Appeal — Remand.
    Remand by the Court of Appeals to the trial court is available
    only where the issue is shown to require development of the
    record or initial decision by the trial court (MCR 7.211[C][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Gregory T. Boer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra Gutierrez-McGuire*) for the defendant.

Amicus Curiae:

*Joan Ellerbusch Morgan* and *Dawn Van Hoek* for the Criminal Defense Attorneys of Michigan.

CAVANAGH, C.J. We decide today whether the Court of Appeals was compelled to remand this case to the trial court to allow the defendant to file a motion for resentencing. The defendant first alleged a sentencing guidelines scoring error before the Court of Appeals by filing a motion to remand pursuant to MCR 7.211(C)(1)(a).[1] We hold

---

[1] MCR 7.211(C)(1) provides:

    Motion To Remand. Within the time provided for filing the
    appellant's brief, the appellant may move to remand to the
    trial court. A timely motion must be granted if it
        (a) identifies an issue sought to be reviewed on appeal and
    demonstrates by affidavit or an offer of proof facts supporting
    an issue for which development of a record is required or that
    the issue should be initially decided by the trial court; or
        (b) is accompanied by a certificate from the trial court that it
    will grant a motion for new trial.
    If a motion to remand is granted, further proceedings in the

that the Court of Appeals is not compelled to grant every motion to remand. The remand procedure is available only when the issue meets the requirements set forth in MCR 7.211(C). If there is evidence supporting the judge's initial scoring of a sentencing guidelines variable, the motion to remand may be denied. Because there is sufficient evidence in this case, we reverse the Court of Appeals decision to grant defendant's motion to remand.

I

On February 27, 1991, defendant pleaded guilty of assault with intent to commit murder.[2] The incident leading to the charge occurred on June 30, 1990. The defendant was at a party, during which several guests became involved in a dispute with the neighbors. The victim lived near the house where the party took place, but did not return home until later in the evening. When the victim returned home, the individuals at the party began hollering racial slurs. The same individuals then began throwing rocks and beer bottles at the victim's window. The victim grabbed a stick, went out to the sidewalk, and began yelling at the individuals. Defendant then attacked the victim with a baseball bat, knocking him to the ground. Defendant continued to hit the victim with the bat. One witness testified that the defendant continued to hit the victim until the bat broke. At

Court of Appeals are stayed until completion of the proceedings in the trial court pursuant to the remand, unless the Court of Appeals orders otherwise. Unless the Court of Appeals sets another time, the appellant's brief must be filed within 42 days after the trial court's decision or after the filing of the transcript of any hearing held, whichever is later.

[2] MCL 750.83; MSA 28.278.

that time, a witness pulled defendant off the victim.

On March 25, 1991, nine days before sentencing, Kent Circuit Court Judge Dennis Kolenda sent defendant's attorney a presentence report and a letter informing the attorney:

> Any additions or corrections which you would like to make, including any challenges to the Sentencing Guidelines' scoring, should be submitted in writing by the close of business on Friday, March 29, 1991.

Judge Kolenda also provided an opportunity to meet with the parties to discuss the case before the sentence proceeding.[3]

Defendant was sentenced on April 3, 1991, pursuant to a plea agreement, to six to twenty years, a sentence within the sentencing guidelines range for assault with intent to do great bodily harm less than murder. Defendant received a prior record score of twenty-five and an offense score of sixty-five, which placed him in the c-iv sector of the grid. The corresponding guideline recommended a minimum sentence of three years to six years, eight months.

At sentencing, defense counsel agreed that the presentence report was "basically a fair and accurate report." Judge Kolenda then explained,

> Mr. Hernandez, I have come to the unfortunate conclusion, and I mean genuinely I think it's unfortunate that for reasons that I don't understand and you probably don't understand, that you are a dangerous person at the moment and from

---

[3] The conference was not mandatory. Similarly, although Judge Kolenda requested that challenges be made by March 29, 1991, failing to raise the objection at that time did not, and could not, waive defendant's right to object to the scoring during sentencing or within the set time after sentencing.

whom I've got to protect society. You were involved in a very serious—and I think vicious is the right word—stabbing of a juvenile, and in this particular case involved a repeated senseless beating. . . .

The Prosecutor has recommended that you be sentenced under guidelines for an offense less serious than you committed, and less serious than you plead guilty to. The only way I can reject that recommendation is to set aside everything and have a trial, which I don't think would be in the interest of the parties involved.

Defendant did not raise any objections before or during the sentencing proceeding.

Following sentencing, defendant received notice of his right to timely appeal and to request appointment of an appellate attorney within forty-two days. Defendant submitted his request for appointment of an attorney on April 10, 1991. Judge Kolenda entered a claim of appeal and order appointing an attorney on May 17, 1991. The Kent Circuit Court received the case transcript on July 25, 1991. The notice of filing a transcript on appeal was received on September 17, 1991.

The State Appellate Defender Office represented defendant during the appeal process. On September 25, 1991, defendant filed a motion in the Court of Appeals to remand the case to the circuit court to allow him to file a motion for resentencing. Defendant alleged error in the presentence scoring of fifty points for offense variable 2, which addresses "Physical Attack and/or Injury."[4] Defendant argued that the score of fifty

[4] The sentencing guidelines explain the scoring of the physical attack and/or injury variable as follows: 100 Victim killed, 50 Victim treated with excessive brutality, 25 Bodily injury and/or subjected to terrorism, and 0 No injury. The sentencing guidelines also suggest: A) In multiple offender cases when one offender is assessed points for

points for "excessive brutality" is incorrect and that the proper score is twenty-five points because the victim only suffered bodily injury. If defendant received twenty-five points, his sentence range would have been two to five years under the C-III section of the grid.

The Court of Appeals remanded the case "only because we are compelled to do so pursuant to [*People v*] *Walker* [428 Mich 261; 407 NW2d 367 (1987)]." Unpublished order of the Court of Appeals, decided November 21, 1991 (Docket No. 140896). This Court granted the prosecutor's motion for leave to appeal, limited to the issue whether this Court should reconsider its decision in *Walker.*

II

In *Walker,* this Court explained that a defendant must challenge the sentencing guidelines scoring in the trial court before raising the issue on appeal. The methods by which the issue may be raised in the trial court are

> bring[ing] it to the attention of the trial court at sentencing, by a properly filed motion within the time period for filing a motion for a new trial, or by a timely filed motion for remand in the Court of Appeals. MCR 7.211(C)(1). [*Id.* at 262.]

This case involves MCR 7.211(C)(1), which was promulgated before the *Walker* decision.

physical attack and/or injury, all offenders shall be assessed the same number of points; B) Score "100" when death results from the commission of a crime and homicide is not the conviction offense; C) Terrorism is conduct that is designed to increase substantially the fear and anxiety that the victim suffers during the offense; D) Score "0" if a victim is struck in an assaultive crime and there is no bodily injury.

A

The need to develop a formal remand procedure began to crystallize when this Court decided *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974), *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), and *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973).

In *Moore,* the defendant filed a postsentence challenge, claiming that the judge considered an invalid conviction in determining his sentence. The defendant failed to object at sentencing and did not file a motion in the trial court before pursuing the claim on appeal. Thus, the record was incomplete, which made appellate review impracticable. The prosecutor, however, supplied the necessary information to establish whether the prior convictions were valid. We determined that one conviction was invalid, and we remanded the case for resentencing because the record showed that the trial judge had considered the invalid conviction. *Id.* at 440.

Despite the outcome in *Moore,* we specifically ordered that, in future cases, "post-sentencing *Tucker*[5] claims should be initially decided by the sentencing judge or his successor. [The judge] is in the best position to explore and decide the factual issues and, if necessary, the defendant can then be resentenced." *Moore* at 440. Moving first in the trial court is important because without a record showing the judge's decision, appellate courts have no basis for reviewing the challenge. See *People v Mattison,* 26 Mich App 453, 459-461; 182 NW2d 604 (1970). When a defendant's claim " 'depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level

---

[5] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

in connection with a motion for a new trial . . . .' " *Ginther* at 443, quoting *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971). Without a complete record, the appellate court must engage in fact finding, as occurred in *Moore,* which is not the court's role.

*Robinson* established the period for filing post-judgment motions. This Court stated that "after this opinion is published, a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness shall, *before filing his brief on appeal,* move the trial court for a new trial." *Id.* at 634 (emphasis added). Allowing the defendant to file the post-judgment motion within the period for filing the appellate brief raised problems, however.

Originally, a trial court did not retain jurisdiction after sending the transcripts to the Court of Appeals, which generally occurred before expiration of the period during which the appellant could file his brief.[6] The trial court's authority to grant a motion for a new trial terminated upon sending the transcripts to the Court of Appeals. Thus, a corresponding jurisdictional rule was necessary.

Another problem evolved because defendants were required to file postjudgment motions in the

---

[6] See MCR 7.208; former GCR 1963, 802.2 granted authority for the trial court to entertain motions or correct errors before the transcript was sent to the Court of Appeals:

Effect of Filing Claim of Appeal.

(1) Except as otherwise provided by statute or rule, and *until the record is filed in the Supreme Court or Court of Appeals, the trial court, tribunal or officer has jurisdiction* to grant further time to do, properly perform, or correct any act in connection with the appeal, omitted or insufficiently done, except to extend time for filing claim of appeal or paying the appeal fee, to dismiss the appeal, or to allow a delayed appeal. [Emphasis added.]

trial court within "60 days after the entry of . . . the judgment or order appealed from . . . ." GCR 1963, 803.1(b)(1).[7] Indigent defendants had to request and await appointment of appellate counsel before filing a postjudgment motion. Often, the "60-day period after sentencing for filing [a postjudgment motion in the trial court] had expired before appellate counsel was appointed." *Ginther* at 444. Thus, the indigent defendant was barred from filing the postjudgment motion because it was deemed waived.[8] In *Ginther,* we remanded the case and agreed with the defendant that the Court of Appeals should have ordered a remand to the trial court so that he could file a motion for a new trial. *Id.* at 445.

This Court promulgated a formal remand procedure in 1978. The remand rule was modeled after *Moore, Robinson,* and *Ginther,*[9] and it resolved the problems expressed in those cases. The procedure

[7] See *People v Ginther, supra* at 444, n 7.

[8] The defendant had sixty days after appointment of counsel to file an appeal of right, but the issue defendant desired to challenge was waived if not raised within sixty days of the judgment.

[9] Although the staff comment is not an authoritative construction of the court rule, it is helpful in understanding the origin of the remand procedure:

> The motion must be filed within 60 days after the filing of the claim of appeal or the filing of the transcript, which ever is later, or within further time the Court may allow for the filing of the brief on appeal. The standards for granting a timely motion to remand under paragraph (1) are drawn from the case law. See, e.g., *People v Mattison,* 26 Mich App 453, 459-461; 182 NW2d 604 (1970); *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971); *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973); *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974).
>
> Paragraph (2) incorporates the federal practice of allowing a motion for new trial to be filed during the pendency of an appeal, but then requiring a remand if the trial judge decides he will grant the motion. See, e.g., *United States v Frame,* 454 F2d 1136, 1138 (CA 9, 1972). [402 Mich cxlii-cxliii (1978).]

allows the defendant to file a motion for a new trial in the trial court before filing a brief on appeal,[10] and it eliminated jurisdictional concerns by authorizing the Court of Appeals to grant a remand if the trial court already relinquished the transcripts and jurisdiction.

The procedure also resolved the *Ginther* concern that the indigent would involuntarily forfeit an opportunity to file a postjudgment motion. If appellate counsel is not appointed within the sixty-day period to file a postjudgment motion, after counsel is appointed, a defendant could file a claim of appeal and then file a motion to remand within the period for filing the appellate brief.

On the basis of the remand rule, if the trial court would grant the motion for a new trial, the Court of Appeals may remand the case. If the trial court would not grant the motion, the Court of Appeals may decide to remand on the basis of GCR 1963, 817.6(1).[11] Evidently, years before *Walker,* the remand procedure could be used to raise issues in the trial court before seeking appellate review. Although the rules were amended between the time the remand procedure originally was promulgated and the time *Walker* was decided, the substance of the rule remained the same.[12]

---

[10] See MCR 7.211(C)(1)(b), former GCR 1963, 817.6(2). The time for filing an appellate brief did not begin to run until the latest of the certification of the order granting leave to appeal, the filing of the claim of appeal, or the filing of the transcript. See MCR 7.212(A)(1)(a)(ii).

[11] Being an issue in which appellate review is sought is a standard requirement. As expressed in *Moore,* if the issue also is one that initially should be decided by the trial court, the Court of Appeals must remand the case. Or, as expressed in *Ginther,* if development of a record also is necessary then the case must be remanded.

[12] MCR 7.211 is based on former GCR 1963, 817.6. We note that throughout many of the amendments, several problems involving claims of appeal, appointment of counsel, and preparation of tran-

B

The prosecutor questions whether *Walker* was correct in stating that challenges of sentencing guidelines scoring also could be raised in the trial court pursuant to the remand procedure.

Generally, allowing postjudgment challenges to issues not raised at trial is necessary where an objection or challenge could not be raised contemporaneously with the occurrence of the event giving rise to the challenge. The cases from which the remand procedure evolved illustrate this point. For example, ineffective assistance of counsel claims generally cannot be raised contemporaneously because it is not clear until the close of trial whether there may be a reasonable claim of ineffective assistance of counsel. Similarly, when newly discovered evidence arises, or it is unclear whether the sentence was based on inaccurate information,[13] or the prosecutor's failure to provide an indorsed witness is not discovered until after

scripts in time to file postjudgment motions would have occurred if the remand procedure was not in force. For example, MCR 7.204(A)(2) also addressed the concern raised in *Ginther*. The rule, however, only applied in cases involving pleas of guilty or nolo contendere. Thus, under subsection (A)(2), the defendant was required to take an appeal of right in a criminal case within a specified time, but the transcript may not have been prepared within that time. The defendant therefore was forced to file a postjudgment motion without the transcript in order to toll the period during which the defendant was required to file the claim of appeal.

[13] Generally this also should be discovered. If the record shows that the trial judge did not consider the invalid conviction, then there would be no need to remand the case for the trial judge to initially determine if resentencing should occur. The case may arise, however, where it is unclear whether the judge relied on the inaccurate information. In *People v Keller*, 428 Mich 918; 410 NW2d 281 (1987), we ordered the Court of Appeals to remand on the basis of inaccurate information and a scoring challenge. The record did not support the judge's scoring, and it was unclear on what information the judge based the score. Under those circumstances, the issue was one that the trial court initially had to address. Similarly, because it was not clear whether the judge considered the invalid conviction to deter-

trial, the need for postjudgment motions is evident.

On the other hand, objections to hearsay, admission of evidence pursuant to an illegal search, and other similar issues generally can and should be recognized so that contemporaneous objection is possible. If a contemporaneous objection requirement is unreasonable or impossible, then postjudgment challenges should be permitted. When *Walker* was decided, if a postjudgment challenge was permitted, then the remand rule was one method by which to raise that challenge first in the trial court.[14]

The prosecutor argues that sentencing guidelines scoring challenges should be subject to the contemporaneous objection requirement. The State Appellate Defender Office responds that postjudgment challenges are necessary because too frequently the defendant does not receive the presentence report until the day of sentencing. Thus, the defendant and counsel cannot adequately review the report to determine if an objection should be raised until after sentencing.

mine a sentence, it was not possible to raise a contemporaneous objection. In the future, however, we would recommend that defense counsel specifically inquire regarding what information the judge relied on in determining a sentence. Also, because we have sentencing guidelines today, if the sentence would remain the same even without considering the invalid conviction, remand is unnecessary. The test is "whether the sentence '*might* have been different' if the sentencing judge had known that the earlier convictions had been unconstitutionally obtained." *Moore* at 439, quoting *United States v Tucker,* n 5 *supra* at 448 (emphasis in original).

[14] GCR 1963, 785.7(7) was amended in 1983 to specifically provide that in guilty plea cases, the defendant had to "file a motion to withdraw the plea in the trial court before the filing of the claim of appeal; the Court of Appeals need not grant a motion to remand pursuant to GCR 1963, 817.6(1) to allow a defendant the opportunity to file such a motion." Although that rule no longer exists today, at the time it demonstrated that the remand procedure was not available to preserve all issues. Whether a guilty plea was voluntarily made is an issue to which an objection is possible. Thus, only if extenuating circumstances such as new evidence develop, challenges may not be raised pursuant to the remand procedure.

We agree that when *Walker* was decided that problem may have existed.[15] Since *Walker,* the court rules have been amended. MCR 6.425(B) requires the trial court to permit the defendant to review the presentence report "a reasonable time before the day of sentencing." As the amici curiae observed, however, not all judges have the same notion of what is a reasonable time. While some courts provide the defendant a copy of the presentence report several days before sentencing, other courts provide a copy the day of sentencing, sometimes shortly before sentencing. Some defendants are not given a reasonable time to review the report. Thus, at the time of *Hernandez,* the necessity of permitting postjudgment challenges to the scoring still existed.[16]

---

[15] The court rule that existed at the time provided:

> Disclosure of Presentence Reports. The court shall permit the prosecutor, the defendant's attorney, and the defendant, to review the presentence investigation report prior to sentencing. Both parties must be given an opportunity at the time of sentencing to explain or controvert any factual representations in the presentence report. [Former MCR 6.101(K).]

[16] We commend Judge Kolenda for submitting the presentence report and scoring to defense counsel nine days before sentencing and for offering a presentencing conference to both parties. On the basis of the facts of the case, Judge Kolenda provided the report within a reasonable time before sentencing. The defendant here had ample opportunity to review the presentence report and the sentencing guidelines scoring and to raise an objection. The scoring of the offense severity level was uncomplicated and only involved scores for two categories: ov 1, aggravated use of weapon = 15 points for touching the victim with a weapon; and ov 2, physical attack and/or injury = 50 points for treating the victim with excessive brutality.

Substantial time is not required to review the offense variables, to consider the facts of the case, and to ponder whether a weapon was involved that touched the victim and whether the victim was treated with excessive brutality. If either variable seemed suspicious or had the slightest ambiguity, the defendant or the defense attorney could have raised an objection before or at sentencing.

Although we believe the defendant had a reasonable time to review the presentence report, postjudgment challenges still were available.

### III

Although we stated in *Walker* that postjudgment challenges to the sentencing guidelines scoring are permitted, we also stated that the remand procedure was available when "a defendant properly raises a challenge to the manner in which the guidelines are scored." *Id.* at 267. The Court did not explain, however, what the defendant must show to raise a challenge that warrants granting the motion to remand.

The Michigan Court Rules again were amended in 1989. The amendments affected the remand procedure and defendant Hernandez' right to file a postjudgment challenge to the sentencing guidelines scoring. MCR 6.429(C) was added in response to *Walker*,[17] and it enables the defendant to challenge the sentence guidelines scoring:

(1) at sentencing, or

(2) by a motion for resentencing filed

(a) within 42 days after entry of the judgment,[18] or

(b) in accordance with the procedure set forth in MCR 7.208(B);[19] or

(3) by a timely filed motion to remand in the Court of Appeals under MCR 7.211(C)(1).

This case involves MCR 7.211(C)(1), which has

---

[17] Adopted effective October 1, 1989. The staff comment to the rule indicates that subrule (C) "incorporates the issue preservation requirement adopted in *People v Walker* . . . ."

[18] This primarily benefits nonindigent defendants who have retained counsel, or a defendant who files in propria persona.

[19] MCR 7.208(B)(1) provides:

No later than 28 days after the commencement of the time for filing the defendant-appellant's brief as provided by MCR 7.212(A)(1)(a)(iii), the defendant may file in the trial court a motion for a new trial, for judgment of acquittal, to withdraw a plea, or for resentencing.

limitations regarding what cases must be remanded for filing a motion for resentencing in the trial court.[20] The remand procedure is not mandatory. MCR 7.208 already accords defendant twenty-eight days after the commencement of the time for filing a brief on appeal to file various motions in the trial court without the permission of the Court of Appeals. Requiring remand merely on the basis of such a filing would render meaningless the requirement of seeking the permission of the Court of Appeals if the defendant misses the twenty-eight day deadline. A mandatory remand also would require the Court of Appeals to remand every challenge, no matter how frivolous.[21]

Accordingly, when the remand procedure is available, it is not mandatory, but requires discretion by the Court of Appeals in determining when remand is appropriate. The trial court here did not certify that it would grant a motion for a new trial. Therefore, the remand motion only could be granted under MCR 7.211(C)(1)(a). Although this Court has addressed situations in which development of a record is necessary,[22] it has not discussed the alternative requirement that the issue be one

[20] See n 1.

[21] If the defendant missed all previous opportunities to raise the scoring challenge, MCR 7.211(C)(3) allowed the defendant to file a motion in the Court of Appeals to remand to the trial court for a resentencing hearing. The motion must be made within the period for filing the brief, which is fifty-six days from the date discussed in n 8. MCR 7.212(A)(1)(a)(iii), however, permits the parties to stipulate a twenty-eight day extension for filing the brief, after which the parties could move for an additional month in the Court of Appeals. Thus, the time for filing the brief could be as long as 114 days. Such a rule for an issue that easily should have been raised at trial is not practical, economical, or judicially efficient.

[22] The remand procedure has been utilized when development of the record was required. See, e.g., *People v Sparks,* 435 Mich 876; 458 NW2d 896 (1990); *People v Maskey,* 433 Mich 902; 446 NW2d 830 (1989). For example, ineffective assistance of counsel claims generally require development of a record to determine if counsel was ineffective. *People v Ginther, supra.*

that "should be initially decided by the trial court."[23] We now undertake that task in the context of a challenge to the sentencing guidelines scoring.

A

An issue that initially should be decided by the trial court is different from an issue that must be raised first in the trial court to be preserved for appeal.[24] The former, as here, requires that the trial judge make the initial scoring decision. The latter requires that the defendant first raise an objection to the judge's scoring in the trial court or it is deemed waived.

Although, the initial scoring of the sentencing guidelines must be completed by the trial court, a remand to challenge the judge's scoring of the sentencing guidelines is unnecessary where there is evidence to support the judge's initial scoring. The Court of Appeals decision in *People v Green*, 152 Mich App 16, 18; 391 NW2d 507 (1986), correctly recognized that the judge's scoring of the sentencing guidelines will be upheld if there is evidence to support the score.[25] If the judge made

---

[23] In *Walker*, we stated that if the defendant properly raised a challenge, then "the trial court shall resolve that challenge in the same fashion that it resolves any other dispute concerning the accuracy of information to be considered at sentencing." *Id.* at 267. Although we discussed the procedure with which the trial court should comply, we did not discuss how the defendant properly should raise a challenge under MCR 7.211(C)(1)(a) when challenging sentencing guidelines scoring.

[24] If there was no distinction, then the *Walker* decision would be circular. In effect, the decision would be read to mean that the challenges to sentencing guidelines scoring must be raised in the trial court to preserve the issue and that the issue is preserved by filing a motion to remand if it is an issue that must be raised in the trial court to be preserved.

[25] If there is no evidence, then the trial court, as we stated in *Walker*, must resolve the issue in the same fashion as it resolves other disputes concerning the accuracy of information used at sen-

an initial scoring decision that is supported by the evidence, then remand would not serve a useful purpose.[26] See, e.g., *People v Degraffenreid,* 19 Mich App 702, 719; 173 NW2d 317 (1969). This case presents an excellent example of when it is unnecessary to remand.

B

During the hearing in which the trial judge accepted the defendant's guilty plea, the following discussion occurred:

> *The Court:* During the course of that fight, I understand you struck him on the head several times. I've heard the number as many as ten, but at least several times. Is that correct?
> *The Defendant:* Yeah.
>
> *  *  *
>
> *The Court:* You did hit him on the head several times with that ball bat?
> *The Defendant:* Yes.
> *The Court:* And these weren't just little taps; you took a good swing.
> *The Defendant:* Yes.

Defendant all but admitted that he used excessive brutality several times when using "good swings" of the baseball bat to hit the victim on the head.

The presentence report included the statement that defendant "continued to beat the victim with a baseball bat after the victim was down." Witnesses stated that "Hernandez continued to beat him with the bat across the head and body until

tencing. Thus, *People v Green, supra,* is in accord with *Walker* and this decision.

[26] Consequently, any claim of ineffective assistance of counsel also would fail because an objection would have been futile under the facts of this case.

the bat broke, then jabbed him repeatedly with the splintered end." Terry Major told the detective that he "pulled Hernandez off of the victim because the beating was so savage."

Defendant's response regarding the continued beating was "I hit him a couple of times after he was down . . . on impulse. The guy came after me. I was protecting myself." Although there is testimony to the contrary, even if defendant's claim of protecting himself were true, he may only use force reasonably necessary to protect himself. Any additional force would be considered excessive. Here the additional force was more than excessive, it was brutal.

The preliminary hearing, the presentence report, and the trial judge's discussion with defendant during the plea hearing, led the judge to explain at sentencing that he believed the incident to be "very serious—and I think *vicious* is the right word—stabbing of a juvenile, and in this particular case involved a *repeated senseless beating*." The victim suffered serious injuries, including fifteen stitches in his head, a broken finger, and torn cartilage in his wrist.

The Court of Appeals could glean from the record evidence supporting the judge's initial scoring of fifty points for excessive brutality.[27] Consequently, the requirements of MCR 7.211(C)(1)(a) were not established, and denying the motion to remand would have been appropriate.

IV

The remand procedure should not be utilized for

___

[27] In addition to there being evidence, it is hard to imagine that the judge would agree with defendant's argument that awarding fifty points for excessive brutality was erroneous after stating that it was a vicious, repeated, senseless beating, causing those injuries.

presentence issues that can be raised contemporaneously with the event giving rise to the challenge. To ensure fairness, in light of amici curiae's observations, we will consider amending the court rules to require trial judges to provide defendants with copies of reports and scoring within a specific number of days before sentencing.[28] If a trial judge complies with the requirement, then the defendant will be required to object before or at sentencing to preserve a challenge to the scoring. If the judge fails to comply, then the defendant will have available a postsentencing challenge pursuant to MCR 6.429. On the basis of the intended amendment to the court rules, the remand procedure will no longer be necessary for sentencing guidelines scoring challenges.

MCR 7.208 also supports limiting use of the remand procedure. The staff comment to MCR 7.208(B) explains that the rule was created in response to the addition of MCR 6.425(F)(3).[29] MCR

---

[28] The Court is persuaded that a procedure similar to that utilized by the trial court in this case should be the rule in all trial courts. This defendant and his attorney were certainly presented with ample opportunity to review and challenge the presentence report and guidelines scoring. It is the intention of this Court to publish such a proposed rule for comment and adoption. Nonetheless, we summarize here the direction in which we believe the rule should head.

[29] MCR 7.208(B) was promulgated under the October 1, 1989, amendment. The staff comment explains:

MCR 7.208(B) creates a new procedure under which a criminal defendant-appellant may file postjudgment motions in the trial court notwithstanding the fact that the Court of Appeals has jurisdiction of the case because the order appointing appellate counsel serves as the claim of appeal. See MCR 6.425(F)(3). Unlike motions to remand under MCR 7.211(C)(1), leave of the Court of Appeals is not required to take advantage of this procedure. The defendant-appellant may take advantage of this procedure by filing a motion in the trial court within 28 days after the period for filing the appellant's brief has begun to run. The rule sets forth the time limits for processing such a motion in the trial court and for further proceedings in the Court of Appeals following various possible dispositions of the motion by the trial court.

6.425(F)(3) was created to "substantially accelerate the commencement of appeals by having the [request for the appointment of an attorney] also act as a claim of appeal in cases in which the defendant's request for a lawyer was timely . . . ." Staff Comment, 1989.

The increasing backlog in the Court of Appeals docket has become a matter of great concern over the years. MCR 6.425(F)(3) was one method of expediting disposition of appeals, and MCR 7.208(B) was another. Interestingly, MCR 7.208(B) was promulgated for the same jurisdictional concerns that led to the development of the remand procedure.[30] Thus, MCR 7.208(B) was created to serve additional purposes, one of which was easing the Court of Appeals docket by eliminating the right to seek a motion to remand to preserve an issue for appeal.

It makes little sense to require the issue to be preserved for appeal and then to require the Court of Appeals to remand a case to preserve the issue upon the mere filing of a motion to remand. Because of jurisdictional concerns, we had to overlook that anomaly; but today, MCR 7.208(B) ad-

---

[30] *Ginther* involved an attempt to withdraw a guilty plea. GCR 1963, 803.1(c) also was amended to provide that an appeal of right in a case involving a guilty plea could be brought within sixty days of the filing of the plea transcript. The amendment was "designed to give appellate counsel the time to review the transcript of the plea proceeding and to move in the trial court for relief while that court still has jurisdiction over the case. . . . The amended rules were not designed to simply place one meaningless step into the review process but were designed to facilitate the entire process by allowing trial courts the opportunity to correct any errors in the first instance. Of course, one benefit to the system would be a reduction in the number of reversals based on an omission during the plea proceedings." *People v Richardson,* 144 Mich App 616, 621; 376 NW2d 167 (1985). That rule does not exist today; however, MCR 7.204(A)(2), 7.208(B), and 7.211(C) serve the same purpose as that amendment and are not limited to plea cases. The "benefit of such a procedure is that the trial court may rectify any error prior to the initiation of the formal appeal process . . . which will result not only in fewer appeals but in swifter resolutions." *Richardson* at 620.

dresses the jurisdictional concerns.[31] The remand procedure is necessary only for those issues that are preserved, but still requires additional proceedings in the trial court before being resolved.

V

In sum, we hold today that the Court of Appeals is not compelled to grant every motion to remand. Only those issues that meet the requirements of MCR 7.211(C)(1) must be remanded. The motion to remand may be denied if there is evidence supporting the judge's initial scoring of the challenged sentence guidelines variable. There clearly is evidence supporting the judge's initial scoring of fifty points for excessive brutality.

Accordingly, we reverse the Court of Appeals decision to grant defendant's motion to remand.

LEVIN, BRICKLEY, GRIFFIN, and MALLETT, JJ., concurred with CAVANAGH, C.J.

BOYLE, J. (concurring). I agree with the result and much of the analysis present in Chief Justice CAVANAGH's opinion. However, I would go further and require an objection at sentencing to preserve

[31] MCR 7.208(B) still protects the indigent defendant, who has forty-two days from the time the judgment is entered to file a claim of appeal. MCR 7.204(A)(2)(b). An indigent loses the opportunity to file a postsentence challenge in the trial court within forty-two days of sentencing, MCR 6.429(C)(2)(a), when filing the claim of appeal because the Court of Appeals obtains jurisdiction at that time. MCR 7.208(B), however, gives concurrent jurisdiction so that the defendant may file in the trial court, without Court of Appeals permission, within twenty-eight days from the time of the commencement of the time for filing the defendant-appellant's brief. MCR 7.212(A)(1)(a)(iii) states that the brief must be filed within fifty-six days from the latest of the filing of the claim of appeal, the certification of the order granting leave to appeal, or the filing of the transcript with the trial court or tribunal. An indigent defendant's filing time is the latter of the date counsel is appointed or date the transcripts are filed. Thus, the defendant will have appellate counsel, access to the transcript, and time to file a postsentence challenge.

a sentencing guidelines issue. This holding and an amendment to the rules would serve to alleviate congestion in the Court of Appeals, avoid delay and the expenditure of trial court resources in dealing with circuitous remand orders, make the treatment of all defendants, indigent or not, equal, and cure the anomalous result that a defendant who failed to object at sentencing could gain a remand while a defendant who failed to object to unconstitutionally seized evidence could not. Most importantly, it would repose the responsibility for accurate application of sentencing guidelines in the sentencing judge and trial counsel.

An objection must either be specific, when challenge is made to a portion of the presentence report, or general, when a sentencing judge refuses to grant additional time to a defendant who objects to the lack of a "reasonable time" to review the presentence report under MCR 6.425(B). Thus, I would now amend MCR 6.429(C) to read as follows:

> (C) Preservation of Guidelines Scoring Issue. A party may not raise on appeal an issue challenging the scoring of the sentencing guidelines unless the party has raised the issue
> (1) at sentencing.

Remands should not be required unless development of a record is necessary to provide a basis for review of an issue that could not have been identified and developed in the underlying proceeding.

RILEY, J., concurred with BOYLE, J.