PEOPLE v HAMM

Docket No. 159870. Submitted June 8, 1994, at Detroit. Decided July
18, 1994, at 9:30 A.M. Leave to appeal sought.

David L. Hamm pleaded guilty in the Ottawa Circuit Court,
Wesley J. Nykamp, J., of delivery of less than fifty grams of
cocaine and of being a second-offense habitual offender and was
sentenced to five to thirty years of imprisonment. He appealed
and moved for a remand for a hearing pursuant to *United
States v Tucker,* 404 US 443 (1972), and *People v Moore,* 391
Mich 426 (1974), claiming that the trial court improperly
considered a prior misdemeanor conviction at sentencing be-
cause he had not been represented by counsel at the proceeding
that resulted in the prior conviction.

The Court of Appeals *held:*

1. The defendant's argument that his prior conviction was
infirm for lack of counsel, and was therefore improperly consid-
ered by the trial court, is essentially a challenge to the infor-
mation contained in the presentence report. Because the defen-
dant expressly approved the contents of the presentence report
at sentencing, he has not preserved the issue for appellate
review.

2. Contrary to the defendant's assertion, the trial court did
not sentence the defendant under the misconception that it was
required to impose the maximum sentence for the habitual
offender charge.

Affirmed.

CORRIGAN, J., concurring, stated that *Nichols v United
States,* 511 US — (1994), forecloses relief on the claim that it
was improper for the court to consider at sentencing the
uncounseled prior conviction.

SENTENCES — CONSIDERATION OF PRIOR CONVICTIONS — APPEAL.

A claim on appeal that a prior misdemeanor conviction obtained
without counsel for the defendant was improperly considered at

REFERENCES

Am Jur 2d, Appeal and Error § 545; Criminal Law § 527.

See ALR Index under Presentence Reports; Sentence and Punish-
ment.

sentencing is essentially a challenge to the information contained in the presentence investigation report concerning the prior conviction; to preserve the issue for appellate review, the defendant must object in the trial court to the alleged inaccuracies in the presentence investigation report.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Ronald J. Frantz,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and CORRIGAN, JJ.

MICHAEL J. KELLY, P.J. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. The trial court sentenced defendant to a prison term of five to thirty years. Defendant appeals as of right.

Defendant argues that the sentencing court improperly considered a 1977 conviction without counsel for possession of marijuana. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974). Although defendant did not raise this issue at sentencing, he filed a timely motion to remand for a *Tucker-Moore* hearing and supplemented the motion with proof that he had unsuccessfully sought access to court records of the prior conviction. This Court denied the motion on November 19, 1993, without prejudice to refiling if "accompanied by some evidence that . . . the conviction was obtained in violation of his right to counsel."

Because defendant's motion presented a prima facie case for remand under *Moore, supra,* and because preservation is an issue in this appeal, we revisit our previous ruling on the motion to remand. We must decide whether a defendant who has belatedly established a prima facie case for a *Tucker-Moore* hearing is automatically entitled to a remand even though no *Tucker-Moore* objection was raised before the trial court. We believe the automatic remand interpretation of *Moore* has been modified and conclude that denial of defendant's motion to remand was appropriate. We hold the issue has not been properly preserved.

Our conclusion is based on the recent Supreme Court decision in *People v Hernandez,* 443 Mich 1; 503 NW2d 629 (1993). There, the Supreme Court held that a defendant-appellant is not entitled to a remand so that he may file a motion for resentencing and thereby preserve a challenge to an alleged error in the scoring of the sentencing guidelines. "The remand procedure is necessary only for those issues that are preserved, but still requires [sic] additional proceedings in the trial court before being resolved." *Id.* at 20-21. "The remand procedure should not be utilized for presentence issues that can be raised contemporaneously with the event giving rise to the challenge." *Id.* at 18-19. Here, as in *Hernandez,* the presentence investigation report (PSIR) included the allegedly unreliable information, and there is no indication that the trial court failed to provide defendant a reasonable period to review the PSIR, as required under MCR 6.425(B). See *Hernandez, supra* at 13, n 16. In addition, even if defendant was not given sufficient time, he could have preserved his objection by filing a postjudgment motion for resentencing under MCR 7.208. See *Hernandez, supra* at 19-20.

Our conclusion is further supported by the language of the PSIR statute, which provides in perti-

nent part: "*At the time of sentencing,* either party may challenge, on the record, the accuracy or *relevancy* of any information contained in the presentence investigation report." MCL 771.14(5); MSA 28.1144(5) (emphasis added). See also MCR 6.425(D)(2)(b). On the basis of this language, this Court has declined to entertain PSIR challenges that are not presented at sentencing. See, e.g., *People v Sharp,* 192 Mich App 501, 504; 481 NW2d 773 (1992). Defendant's argument that his 1977 conviction was infirm for lack of counsel, and was therefore improperly considered by the trial court, is essentially a challenge to the information contained in the PSIR concerning the prior conviction. Because defendant expressly approved the contents of the PSIR at sentencing, he has not preserved the issue for appellate review.[1]

Finally, the sentencing transcript does not suggest that the trial court sentenced defendant under the misconception that it was required to impose the maximum sentence for the habitual offender charge.

Affirmed.

FITZGERALD, J., concurred.

CORRIGAN, J. *(concurring).* I join in Judge KELLY's opinion. In addition, I also conclude that *Nichols v United States,* 511 US —; 114 S Ct 1921; 128 L Ed 2d 745 (1994), forecloses relief on the particular ground defendant has identified in this case.

---

[1] Though our holding is based on preservation grounds, we note the recent case of Nichols v United States, 511 US —; 114 S Ct 1921; 128 L Ed 2d 745 (1994), in which the United States Supreme Court held that a sentencing court may consider a defendant's previous uncounseled misdemeanor conviction as long as it did not result in a sentence of imprisonment. According to defendant's PSIR, no term of imprisonment was imposed for his 1977 conviction. However, because *Nichols* has not been briefed by the parties, we decline to rule on its applicability in this case.